## CORBIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 7, 1920.)

No. 3421.

Criminal law ⚖=1149—Requiring election between counts discretionary.

    A motion to require an election between counts in an indictment is addressed to the discretion of the court, and its decision is not reviewable.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Criminal prosecution by the United States against Neal Corbin and Will Miller. Judgment of conviction, and defendants bring error. Affirmed.

Frederick T. Saussy, of Savannah, Ga., for plaintiffs in error.

John W. Bennett, U. S. Atty., of Waycross, Ga.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

HUTCHESON, District Judge. This writ of error is prosecuted from a verdict and judgment against the defendants.

Six errors are assigned; the first two consisting of a general assault on behalf of both defendants on the indictment, and the last four seeking to review the verdict as to Will Miller for want and for insufficiency of the evidence.

The errors assigned to the indictment are: (1) That the court erred in refusing to require an election on the part of the government. (2)

To the action of the court in overruling a motion to quash, because the indictment joined felonies and misdemeanors.

The indictment in this case charges defendants in four counts, three felonies and one misdemeanor, and was identical in its formal parts with that discussed in the case this day decided of Phillips v. United States, 264 Fed. 657, —— C. C. A. ——. For the reasons there given, the court did not err in overruling the motion to quash, and the second assignment of error must therefore be overruled.

For the same reason, and for the further reason that the trial court is invested with the discretion to determine whether joinder or consolidation of different charges should be allowed (Pointer v. U. S., 151 U. S. 403, 14 Sup. Ct. 410, 38 L. Ed. 208; Dolan v. U. S., 133 Fed. 440, 69 C. C. A. 274), and the denial by the court in the exercise of this discretion of a motion for election is not reviewable error (Rooney v. U. S., 203 Fed. 931, 122 C. C. A. 230), the first assignment must be overruled.

It is also apparent that, if there had been error in the action of the court in overruling the motion, such error was made entirely harmless by the later action of the court, when he withdrew the fourth count from the consideration of the jury, and directed the verdict thereon in favor of the defendant.

The remaining assignments, in so far as they seek to review the action of the court in refusing to grant a new trial, or the action of the jury in passing upon conflicting evidence, present no error for the consideration of this court.

We have examined the record, and, without undertaking here to set it out, it is sufficient to say that the claim that the verdict is without evidence to support it is wholly unfounded.

Finding no error in the record, the judgment is affirmed.