## CLIFTON v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 6, 1923. De-
'cided December 3, 1923. Rehearing Denied December 21, 1923.)

No. 3946.

1. **Indictment and information ⟨key⟩132(3)—Defendant not entitled to require elec-
tion between counts until it is necessary for him to make defense.**

In a prosecution for negligent homicide, defendant is not entitled to
require an election between counts until it becomes necessary for him
to make his defense, and even then the request will be denied, unless it is
clearly apparent that without an election defendant would be prejudiced.

2. **Homicide ⟨key⟩134—Indictment and information ⟨key⟩119—Part of indictment for .
negligent homicide held sufficient and rest treated as surplusage.**

In prosecution for negligent homicide, that part of the indictment
charging negligence and alleging that such negligence caused decedent's
death *held* to state an offense, and the allegation that defendant was un-
der the influence of intoxicating liquor merely constitutes an element of
aggravation and may be treated as surplusage.

3. **Criminal law ⟨key⟩829(1)—Refusing request covered by charge not error.**

Where the point raised by a requested prayer was fully covered in the
charge, defendant was not prejudiced by the refusal to grant the re-
quest.

4. **Criminal law ⟨key⟩814(3)—Request not supported by evidence need not be
granted.**

Where there was a total failure of proof on a point raised by a re-
quested prayer, it need not be granted.

5. **Criminal law ⟨key⟩1170½(2)—Examination as to former conviction, which was
denied by defendant, held not prejudicial.**

Where assistant district attorney cross-examined defendant as to form-
er convictions which defendant denied, and the matter was then drop-
ped, *held*, that there was no prejudice, in view of the fact that un-
der Code, § 1067, if the denial was false, the prosecution could have
established the conviction by evidence aliunde.

Appeal from the Supreme Court of the District of Columbia.

James Clifton was convicted of negligent homicide, and he appeals.
Affirmed.

James A. O'Shea, of Washington, D. C., for appellant.
Peyton Gordon, of Washington, D. C., for the United States.

Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice,
and MARTIN, Presiding Judge of the United States Court of Cus-
toms Appeals.

VAN ORSDEL, Associate Justice. Appellant, Clifton, 'was con-
victed in the Supreme Court of the District of Columbia upon an in-
dictment, in two counts, charging him with the negligent killing of
one George Williams. It appears that defendant was operating a mo-
torcycle, on the rear seat of which the decedent was riding. The
evidence discloses that the motorcycle was being operated at high
speed, and that in attempting to avoid a collision with a police patrol
wagon it struck the front fender of the patrol, and then ran into the
street curbing, causing Williams to be thrown to the pavement, inflict-
ing injuries from which he subsequently died.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

While there was a motion for a directed verdict, based upon the insufficiency of the evidence, we are convinced from a careful review of the record that the evidence is amply sufficient to sustain the charge made in the indictment. Defendant in the first count of the indictment is charged with feloniously, wantonly, recklessly, and negligently making an assault upon Williams, by operating and driving a motorcycle whereon Williams was riding, against and upon a curbstone, thereby throwing him to the ground and giving him mortal wounds of which he died. The charge in the second count is that defendant drove the motorcycle upon which Williams was riding, feloniously, wantonly, recklessly, and negligently, without due care and caution, and with a reckless and wanton disregard for the safety of Williams; that defendant, while under the influence of intoxicating liquor, drove the motorcycle at great and excessive and unlawful rate of speed, and, while so operating the motorcycle, failed and neglected to control the steering mechanism and brakes, and failed and neglected to keep a lookout for other vehicles, and thereby caused and suffered the motorcycle to run into another vehicle and against a curbstone, throwing Williams off and inflicting wounds from which he died.

[1] It will be observed that the same offense is charged in each count, but alleged to have been committed in different ways. It is urged by counsel for appellant that the court should have sustained his motion to require the prosecution to elect the count upon which it would go to trial. Motion for election was made by counsel before the introduction of any testimony and was not thereafter renewed. At this stage of the proceedings the prosecution could not have been required to elect. To require an election before testimony is offered, unless the reasons are apparent on the face of the indictment, might result in a failure of justice. Appellant was not entitled to an election in any event until it became necessary for him to make his defense. Even then the request will be denied, unless it is clearly apparent that without an election the defendant would be prejudiced. Corbin v. United States, 264 Fed. 659, 660. No ground of possible prejudice has been pointed out, and the record discloses none; hence the refusal of the court to require an election was not error.

[2] Counsel for appellant moved for a directed verdict on the second count, on the ground of a variance between the allegations and the proof; the variance consisting of the failure to introduce any proof whatever that defendant was under the influence of liquor at the time of the accident. We think that the charge of negligence in the indictment, followed by the allegation that it caused the death of Williams, stated an offense, and that the allegation that defendant was under the influence of intoxicating liquor merely constituted an element of aggravation, and may be treated as surplusage.

[3] Error is assigned on the refusal of the court to grant the following prayer:

"If the jury find from the evidence that the defendant was not criminally negligent, but that George Williams met his death by misadventure or accident, they should acquit the defendant."

We think the point raised by this prayer was fully covered in the charge of the court to the jury, and that defendant was not prejudiced by the refusal of the court to grant it.

[4] Error is assigned upon the failure of the court to grant the following prayer:

"The intent necessary to convict in this case cannot be supplied by any alleged violation of any police regulation or city ordinance, because there was no proof adduced in this case of any alleged violation of a police regulation or city ordinance."

The total failure of proof on this point obviated the necessity of any charge to the jury respecting it. It would have resulted merely in confusing the jury.

Other objections are urged to the refusal of the court to grant prayers offered on behalf of defendant. We have examined the prayers, and find that the pertinent points involved therein are all fully covered in the charge of the court to the jury. It will be unnecessary to further pursue this branch of the case.

[5] It is urged that the assistant district attorney, who tried the case below, was guilty of misconduct, prejudicial to defendant, in interrogating defendant on cross-examination as to former convictions for speeding on the streets of Washington. Counsel held a paper in his hand from which he purported to read. Defendant denied in each instance that he had been convicted. The matter was dropped, and no further efforts made on the part of counsel for the prosecution to establish the point. Since defendant denied that he had been formerly convicted and counsel abandoned the matter, it is difficult to understand wherein defendant could be prejudiced. If the denial was false, counsel for the prosecution could have pursued the matter, and established the conviction by evidence aliunde, or by production of a certificate by the clerk of the court wherein the conviction was had. Code D. C. § 1067. From the failure of the district attorney to pursue the matter beyond the cross-examination, the jury might well conclude or infer that defendant's testimony was true.

The judgment is affirmed.