### BROWN et al. v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted May 3, 1926. Decided May 10, 1926.)

No. 4402.

1. Criminal law ⬤⟹301—Permitting one defendant to withdraw plea of not guilty and enter plea of guilty in presence of jury held not reversible as to codefendants.

In prosecution for conspiracy, application of one defendant for leave to withdraw plea of not guilty and enter plea of guilty held addressed to court's discretion, and granting of application and permitting defendant to enter plea of guilty

in presence of jury was not an abuse of such discretion, constituting reversible error as to other defendants.

2. Criminal law ⬤⟹519(1).

Confessions made by certain defendants, when told of police investigation and that other defendants had made statements implicating them, held not involuntary, or inadmissible against them.

Appeal from the Supreme Court of the District of Columbia.

Blanche Brown and others were convicted of conspiracy to violate the National Prohibition Act, and they appeal. Affirmed.

C. S. Baker, of Washington, D. C., for appellants.

Peyton Gordon and Raymond Neudecker, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appellants, defendants below, were convicted and sentenced in the Supreme Court of the District of Columbia under an indictment charging a conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), through the illegal transportation, possession and sale of intoxicating liquor. The facts, briefly stated, are substantially as follows:

In November of 1922 a man by the name of George McDonald was found dead at No. 2141 H Street, Northwest, in the city of Washington, and Policeman Donald V. Murphy investigated the circumstances of his death. Murphy learned that McDonald had been drinking, and that the liquor might have come from William Blackwell, since deceased. Thereupon Murphy went to Blackwell's home, searched his house, and arrested him. The officer suggested to Blackwell the possibility that McDonald had died from the effects of drinking poisoned whisky, and that he (the officer) was investigating the matter. Blackwell then made a statement as to where the liquor came from, implicating himself, John Phœnix, and the other defendants, but insisted that the whisky was not poisoned. Thereafter John Phœnix and the other defendants were arrested, and Phœnix made a statement which implicated himself and the others. When the statements made by Blackwell and Phœnix were communicated to the defendants, they also made incriminat-

ing statements, which were reduced to writing. Those statements were signed by the defendants, with the exception of Blanche Brown, who, while admitting the truthfulness of her statement, declined to sign, saying: "No; I never sign any statement in the station house. Lawyer Scott told me never to sign any statement."

At the outset of the trial it was communicated to the court that John Phœnix wished to change his plea of "not guilty" to "guilty," and the court, after interrogating him, permitted this to be done. He then took the stand for the government, and his testimony tended to prove the conspiracy charged.

[1] The first assignment of error relates to the action of the court in permitting Phœnix to enter a plea of guilty in the presence of the jury. There is no merit in this assignment. Such an application is addressed to the sound discretion of the court, and the action of the court will not be disturbed, unless there has been an abuse of that discretion. Camarota v. United States (C. C. A.) 2 F.(2d) 650. No such abuse is shown here. Moreover, Phœnix immediately testified for the government, and his participation in the conspiracy clearly appeared from his testimony.

[2] It is next insisted that the confessions were involuntary, and therefore not admissible in evidence. This contention likewise must be rejected. The mere fact that defendants were told that the police officer was investigating the death of McDonald, and that Blackwell and Phœnix had made statements implicating themselves and the defendants in the illegal transportation and sale of intoxicating liquor, did not render the confessions involuntary. There was neither inducement to nor coercion of the defendants, within the meaning of the rule laid down in Bram v. United States, 168 U. S. 532, 18 S. Ct. 183, 42 L. Ed. 568, Ziang Sung Wan v. United States, 266 U. S. 15, 45 S. Ct. 1, 69 L. Ed. 131, and Perrygo v. United States, 55 App. D. C. 80, 2 F.(2d) 181.

The charge of the court covered every phase of the case and was a correct exposition of the law applicable thereto. This disposes of all the assignments of error which we have deemed of sufficient importance to require specific mention. An examination of the record convinces us that the defendants have had a fair and impartial trial, and that the verdict of the jury was fully warranted by the evidence.

The judgment is affirmed.

Affirmed.