## MOFFATT v. UNITED STATES.
### No. 5231.

Court of Appeals of District of Columbia.
Argued Dec. 2, 1930.
Decided Jan. 6, 1931.

James A. O'Shea and John H. Burnett, both of Washington, D. C., for appellant.

Leo A. Rover, of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appellant was convicted of the crime of false pretenses, and sentenced to the penitentiary for the term of five years.

The indictment was in four counts, but only two transactions were involved. In the first and second counts the crime of larceny after trust was charged, and in the third and fourth that appellant falsely represented to Marie T. Pauli that he (appellant) "was backed by the Riggs National Bank of this city," and that the bank was behind the investment of money in the Bankers' Investment Trust Corporation.

Over the objection of appellant, a vice president of the Riggs National Bank testified that it was a corporation. Appellant insists that this evidence should not have been admitted because "it was not alleged in the indictment."

The Riggs National Bank was only collaterally brought into the case for the purpose of showing the false representation. There was no averment of ownership in the bank, nor was it contended that the bank was prejudiced or defrauded in any way. In such circumstances nothing more was necessary for the government to prove than that there was an institution in the district known as the Riggs National Bank with a de facto organization. United States v. Amedy, 11 Wheat. 392, 409, 6 L. Ed. 502; Fields v. United States, 27 App. D. C. 433, 445.

It is assigned as error that the court refused at the close of the government's case to require the government to elect whether it would go to the jury on the counts charging false pretenses or those charging larceny after trust. Inasmuch as the government at the close of all the evidence was required to make an election, and elected to go to the jury on the third and fourth counts only, this assignment of error is clearly without merit. Appellant was not prejudiced by the refusal of the court to require an earlier election, but it is quite conceivable that the government would have been. Clifton v. United States, 54 App. D. C. 104, 295 F. 925; Corbin v. United States (C. C. A.) 264 F. 659, 660.

We have carefully examined other assignments of error, and find them without merit.

The judgment is affirmed.

Affirmed.