CATALOG ASS'N v. A. EBERLY'S SONS, Inc.

No. 5130.

Court of Appeals of District of Columbia.

Argued May 6, 1931.

Decided June 1, 1931.

William J. Hogan, Jr., and Wilfred Hearn, both of Washington, D. C., for plaintiff in error.

Nathan Levin, H. Winship Wheatley, and H. Winship Wheatley, Jr., all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The Catalog Association, as plaintiff, filed a declaration in the municipal court against A. Eberly's Sons, Inc., as defendant, claiming judgment against the defendant in the sum of $755 upon allegations, in substance, as follows: That in November, 1926, the A. Eberly's Sons, Inc., instituted an action at law against the Catalog Association in the municipal court of the city of Chicago, a court of record, that the Catalog Association filed a set-off in the case, and recovered a judgment thereon in the sum of $755, that the same is a valid and outstanding judgment against defendant, and is wholly unpaid; that in the Chicago action the name of A. Eberly & Sons Co., Inc., was used as defendant's title instead of the correct name of A. Eberly's Sons, Inc. An attested copy of the judgment and parts of the record of the Chicago case is annexed to the declaration, showing, among other things, that the plaintiff in that case was represented by Harris, Reinhardt & Russell, as attorneys.

In answer to the declaration, the defendant below filed a plea wherein it denied that it ever instituted any action against plaintiff in the municipal court of Chicago, or sued plaintiff or prosecuted the alleged cause of action under the name of A. Eberly & Sons Co., Inc., or that a set-off was filed and judgment thereon recovered against it in the sum of $755, or any other sum; and defendant denied that it was the plaintiff in the Chicago case, and denied that any one had authority to file such a suit on its behalf.

At the trial of this issue in the municipal court, the plaintiff offered in evidence the deposition of J. J. Russell, who testified that he was an attorney at law practicing in the city of Chicago, associated with the firm of Harris, Reinhardt & Russell, attorneys of that city, and that his firm had filed various papers in the municipal court of Chicago in the case entitled A. Eberly & Sons Co., Inc., v. The Catalog Association, including a præcipe, statement of claim, affidavit of claim, and also an affidavit of merits to the set-off filed by the Catalog Association. The witness further testified that the suit was brought in the name of A. Eberly & Sons Co., Inc., instead of A. Eberly's Sons, Inc., through "inadvertence on the part of the stenographer."

Thereupon various questions were propounded to the witness calling for answers tending to prove that the Chicago firm of lawyers had been employed and authorized by A. Eberly's Sons, Inc., to institute and conduct the action in question in the Chicago court. The questions were objected to, and the court sustained the objection upon the ground of "privileged communications due to relationship of lawyer and client." Answers tending to prove the alleged employment were duly tendered and refused, and exceptions were noted to the rulings. Thereupon, letters written by A. Eberly's Sons, Inc., received by the Chicago lawyers, tending to prove their employment as attorneys in the case were tendered in evidence, but were ruled out by the court as privileged communications.

The record discloses that the rejected testimony did not include any "communications," except such as tended to prove the employment of the Chicago lawyers as attorneys for the defendant below.

The contention of the defendant was somewhat anomalous, inasmuch as it denied that the relation of client and attorney existed between itself and the Chicago lawyers, and at the same time claimed that the communications passing between them were privileged as confidential communications between client and attorney. We think the lower court erred in sustaining this claim.

"The rule making communications between attorney and client privileged from disclosure does not ordinarily apply where the inquiry is confined to the fact of the attorney's employment and the name of the person employing him. The privilege presupposes the relationship of client and attorney and therefore does not attach to its creation." 28 R. C. L. p. 563. "A counsel or attorney is not a competent witness to testify as to facts communicated to him by his client, in the course of the relation subsisting between them, but may be examined as to the mere fact of the existence of that relation." Chirac v. Reinicker, 11 Wheat. 280, 6 L. Ed. 474. "An attorney may be required to testify who his client was, in a certain suit; and letters written to the attorney are competent evidence against their author to show that he was the client for whom the attorney brought and conducted the suit." Harriman v. Jones, 58 N. H. 328. "The law very properly protects certain professional communications between attorney and client as confidential, on grounds of public policy. This does not apply to matters openly com-

municated or disclosed in the presence of third parties, and it has often been decided that an attorney may be required to disclose by whom he is employed in a judicial proceeding." Mobile & M. Railway Co. v. Yeates, 67 Ala. 164, 167.

█ The record presents a second question which should be noticed. At the trial in the municipal court the plaintiff tendered in evidence an authenticated copy of the judgment rendered by the Chicago court. The copy, however, while including the judgment did not include all the other papers or proceedings in the case. This tender was rejected upon the ground that the record was incomplete, and it was not admitted in evidence. In our opinion, this was error. The sole actual dispute in this case is whether the Chicago lawsuit was brought on behalf of A. Eberly's Sons, Inc., by attorneys thereunto duly authorized. If so the defendant cannot dispute the jurisdiction of the Chicago court which it had invoked, and, therefore, there would be little necessity for proof of more than the judgment entered upon the set-off. The tendered record was sufficient for this purpose. 34 C. J., "Judgments," p. 1121.

The decision of the municipal court is reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.