TOMLINSON et al. v. UNITED STATES.*
No. 6987.

United States Court of Appeals for the
District of Columbia.

Decided Nov. 22, 1937.

Rehearing Denied Dec. 13, 1937.

*Writ of certiorari denied 58 S.Ct. 645, 82 L.Ed. —.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellant Tomlinson.

Francis J. Kelly, of Washington, D. C., for appellant Pratt.

Leslie C. Garnett, U. S. Atty., and Samuel F. Beach and Charles B. Murray, Asst. U. S. Attys., all of Washington, D. C.

Before ROBB, GRONER, and MILLER, Associate Justices, and WHEAT, Chief Justice of District Court.

MILLER, Associate Justice.

The appellants were convicted in the District Court under an indictment charging them and Charles Henry Bass with the crime of robbery. They challenged the sufficiency of the indictment on the grounds that there was a misjoinder of offenses and that it charged no offense against appellants.

The offense of robbery is defined by the statute of the District of Columbia, as follows: "Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery." Section 810, D.C.Code 1924; section 34, Tit. 6, D.C.Code, 1929.

The indictment, containing a single count, charged, in part, the commission of the offense "by force and violence, and against resistance, and by putting in fear, and by sudden and stealthy seizure and snatching." This was a proper and sufficient charge to support the conviction. Turner v. United States, 57 App.D.C. 39, 16 F.2d 535.

■ The appellants concede that the indictment charged the offense of robbery, but insist that it contained additional language which made it defective. The additional language complained of reads as follows: "* * * said defendants being then and there armed with a certain pistol held in the hand of the said Phillip John Pratt. * * *" At most this was surplusage and was so regarded by the lower court in overruling a demurrer to the indictment. See United States v. Noveck, 271 U.S. 201, 203, 46 S.Ct. 476, 70 L.Ed. 904, Ford v. United States, 273 U.S. 593, 602, 47 S.Ct. 531, 534, 71 L.Ed. 793; Clifton v. United States, 54 App.D.C. 104, 295 F. 925; Miller v. United States, 6 App. D.C. 6. The evidence clearly disclosed that one of the defendants was armed with a pistol at the time of the robbery. The allegation of the means used for the commission of the offense, while unnecessary under present-day simplified pleading (Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861), was entirely proper and was in no way prejudicial to the defendant.

■ It was further contended that the language last quoted was intended to bring the indictment within the terms of sections 116a and 116b, Tit. 6, D.C.Code Supp. II, sections 1 and 2, Act of July 8, 1932, c. 465, 47 Stat. 650, in order to increase the punishment which might be imposed in the event of a verdict of guilty. The lower court expressly declined to consider it for that purpose, so there is no reason for complaint in any event. There is nothing in the indictment to indicate such a purpose upon the part of the government. We are concerned only with the indictment itself. It is sufficient on its face and that is enough.

■ After the government had made its opening statement to the jury, Bass, a codefendant, was permitted to change his plea from not guilty to guilty and his case was thereupon referred to the probation officer. Appellants claim that this was done in the presence of the jury and that they were prejudiced thereby. The government contends that the change of plea and reference to the probation officer occurred out of the presence of the jury. The record is ambiguous regarding the matter. A general exception was taken to the action of the court in permitting the change of plea—the ground of the exception not being stated. In his charge to the jury, to which no exception was taken, the trial judge pointed out that the case as to Bass had been disposed of "upon his plea of guilty in this court." Bass testified for the government and fully and clearly revealed his participation in the crime. An application by a defendant to change his plea is addressed to the sound discretion of the court, and the action of the court will not be disturbed, unless there has been an abuse of that discretion. Assuming in the present case that Bass' change of plea was made in the presence of the jury, no abuse of discretion was shown upon the part of the court below. Brown v. United States, 56 App.D.C. 326, 13 F.2d 298.

■ Error was assigned on account of the refusal of the court to exclude the testimony of witness Smallwood concerning conversations with Tomlinson which occurred three or four months before the commission of the crime. This testimony was to the effect that Tomlinson solicited Smallwood to rob the same man at the same place as was later done by Bass and Pratt, who were jointly charged with Tomlinson; and, moreover, that Tomlinson outlined to Smallwood a plan for the commission of the proposed crime which conformed closely to the plan eventually followed. It is obvious that this evidence tended strongly to prove Tomlinson's plan, purpose, and intent. We have held that evidence of this character is admissible, even though it consists of proof of another crime committed by the defendant, if it is so connected with the crime charged as to establish a common scheme or purpose, so associated that proof of one tends to prove the other. Borum v. United States, 61 App.D.C. 4, 56 F.2d 301, 303, certiorari denied Logan v. United States, 285 U.S. 555, 52 S.Ct. 459, 76 L.Ed. 944. In that case we said: "The ground on which such evidence is allowed is that both crimes are connected with a single purpose and in pursuance of a single object."

Smallwood's testimony revealed a single purpose and the pursuance of a single object on the part of Tomlinson. Clearly

there is even less reason for excluding it than if it had proved the commission of another crime.

On direct examination Tomlinson testified that "he met Smallwood one time when he was brought into Mr. Tomlinson's office by a client and he was asked to represent Smallwood if he ever got into trouble; that he gave Smallwood one of his cards." No further testimony was given by the witness concerning the "client," and no disclosure made of conduct or transactions of the client. On cross-examination Tomlinson was asked the name and business of his client and required by the court to answer, over his objection and claim of privilege. This did not constitute error. Appellant, himself, opened the inquiry on direct examination, and thus subjected himself to searching cross-examination. Reagan v. United States, 157 U.S. 301, 305, 15 S.Ct. 610, 39 L.Ed. 709; Fitzpatrick v. United States, 178 U.S. 304, 315, 20 S.Ct. 944, 44 L.Ed. 1078. Questions as to the name and business of a person referred to voluntarily, on direct examination, are routine, preliminary questions, on cross-examination. Generally speaking, a disclosure of the name and occupation of a client does not constitute the violation of a privileged communication. See Chirac v. Reinicker, 11 Wheat. 280, 295, 6 L.Ed. 474; Catalog Ass'n v. A. Eberly's Sons, 60 App.D.C. 216, 50 F.2d 981; Ann.Cas. 1913A, 28, 29; 28 R.C.L. 563, § 153; Thornton, Attorneys, § 124. The case of Elliott v. United States, 23 App.D.C. 456, relied upon by appellants, is an example of the type of exceptional situation under which such a disclosure would violate the privilege. In that case the attorney had already revealed the fact that he had prepared for the client in question a memorandum for a will. To reveal his name, therefore, would disclose the whole ·relationship and the facts which he had solemnly promised not to disclose. The rule in the Elliott Case is properly limited to cases involving such exceptional circumstances. See 5 Wigmore, Evidence, 2d Ed., § 2314; United States v. Lee, C.C., 107 F. 702. To apply it to prevent normal cross-examination in such a case as the present would unnecessarily encourage deception, and defeat the purpose of cross-examination. "The court has a right to know that the client whose secret is treasured is actual flesh and blood, and demand his identification, for the purpose, at least, of testing the statement which has been made by the attorney who places before him the shield of this privilege." United States v. Lee, supra, 107 F. 702, at page 704.

The refusal of the trial court to instruct the jury that the witness Smallwood was an accomplice was not error. This court has defined an accomplice as anyone who knowingly and voluntarily co-operates with, aids, assists, advises, or encourages another in the commission of a crime, regardless of the degree of his guilt. Egan v. United States, 52 App.D.C. 384, 390, 287 F. 958, 964. The witness Smallwood did not co-operate with, aid, assist, advise, or encourage the appellants, or any one else, to commit the crime for which appellants have been convicted. Instead he declined to have anything to do with it, although urgently solicited by Tomlinson to do so. See Bird v. United States, 187 U.S. 118, 132, 23 S.Ct. 42, 47 L.Ed. 100.

The appellant Tomlinson requested several instructions on "alibi," which were properly refused by the court. Other instructions given at the request of Tomlinson and by the court on its own motion were adequate upon this point. The defense of alibi is an attempt to prove that the defendant was not present at the time and place of the offense and hence could not have committed it. It was not the contention of the government in this case that Tomlinson was physically present at the time and place of the offense, but that he was guilty as a principal, nevertheless, under section 908 of the D.C.Code 1924; Section 5, Title 6, D.C.Code 1929; Maxey v. United States, 30 App.D.C. 63, 72. The issue in dispute was whether, prior to the robbery, Tomlinson had advised, incited, connived at, aided, or abetted the commission of the offense. The evidence upon this point was that Tomlinson had met the witness Smallwood and his codefendants, Bass and Pratt, at various times and places; had discussed with them the possibility of committing the robbery, together with plans for its commission, and for the distribution of the loot; had furnished suits to be cleaned by Saritanos, who later became the victim of the robbery, in order to gain entrance into his place of business; had furnished a blackjack and revolver for the commission of the offense, and had driven, in his automobile, around the place to be robbed, while instructing the actual principals concerning his plans for the robbery.

Tomlinson denied all of these allegations generally, and in addition produced evidence intended to prove that he was at places other than those claimed by the government's witnesses, at the times when they claimed such events transpired. Appellant contends that the court should have instructed the jury specifically concerning his presence or absence at the times and places stated by the government's witnesses. This was not necessary. The issue of fact which the jury was required to decide was whether Tomlinson aided, advised, incited, abetted or connived at the offense charged. In deciding this question, it was required to consider all of the evidence before it. The court so instructed the jury, and further instructed that the burden was upon the government to prove such participation by Tomlinson beyond a reasonable doubt; failing in which the jury must give him the benefit of the doubt and acquit him.

Appellants further assign as error the argument of government counsel concerning Tomlinson's reputation and character. Tomlinson not only took the stand in his own behalf but called a number of witnesses who put his reputation and character in issue. Having done so, they became proper subjects for comment (see Greer v. United States, 245 U.S. 559, 38 S.Ct. 209, 62 L.Ed. 469); and the statements of the prosecutor, which are set out in the record, are not objectionable.

Finally, the appellant Tomlinson contends that counsel for the government was guilty of misconduct in commenting upon his failure to testify before the grand jury. Even though the fact were as appellant contends, his conclusion would not follow. In Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054, the Supreme Court held that it was not error to require the defendant, who offered himself as a witness upon a second trial, to disclose that he had not testified as a witness in his own behalf upon the first trial. The court said (271 U.S. 494, at page 499, 46 S.Ct. 566, 568, 70 L.Ed. 1054): "The safeguards against self-incrimination are for the benefit of those who do not wish to become witnesses in their own behalf, and not for those who do. There is a sound policy in requiring the accused who offers himself as a witness to do so without reservation, as does any other witness. We can discern nothing in the policy of the law against self-incrimination which would require the extension of immunity to any trial, or to any tribunal other than that in which the defendant preserves it by refusing to testify."

However, the argument, properly considered, was not comment upon the failure of the defendant to appear and testify before the grand jury, but comment upon the testimony of the defendant, voluntarily given on direct examination, as to why he did not appear before the grand jury. The privilege of the defendant against self-incrimination and its corollary, the prohibition against comment by counsel for the government upon his failure to testify, have been jealously protected by the courts. But, when the defendant elects, voluntarily, to testify, he waives his privilege, subjects himself to cross-examination and impeachment, and makes comment upon his testimony entirely proper.

The only additional point urged on behalf of the appellant Pratt is that the trial court erred in refusing to grant a continuance of the case. The supposed error is grounded on the fact that Pratt's attorney was appointed to defend him only four days before the date of trial and had insufficient time to prepare his defense. This is a matter within the discretion of the trial court. Baker v. United States, 4 Cir., 21 F.2d 903; Crono v. United States, 9 Cir., 59 F.2d 339. There is no showing of an abuse of discretion here. Moreover, Pratt had the advantage of the work done at the trial and preceding it, by counsel for appellant Tomlinson. He states in his brief that he adopts the statement of facts and the points of law outlined in the brief filed in behalf of Tomlinson—assigning only the one additional error. This is in itself convincing evidence that he was not prejudiced by the court's refusal to grant a continuance.

Affirmed.