## STEWART v. DISTRICT OF COLUMBIA.

### Nos. 143, 144.

Municipal Court of Appeals for the
District of Columbia.

Dec. 31, 1943.

James Shenos, of Washington, D. C.,
for appellant.

Lloyd B. Harrison, Sp. Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, and Warren Browning, Asst. Corp. Counsel, all of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant was tried and convicted on two informations. One information charged that appellant "being then and there the driver of a certain public vehicle for hire did drive and operate said vehicle without first having obtained a license so to do." The other information charged that appellant "being then and there the driver of a certain public vehicle for hire, did fail while transacting business to display a current insurance sticker."

The facts seem undisputed. Appellant is the owner and operator of a taxicab and on the occasion in question was driving the taxicab on the public streets. At the time of his arrest he did not have a taxicab operator's license and the taxicab did not have attached to it a current insurance sticker. However, at that time appellant was not transacting the business of a cab driver, but was driving his wife from their home to her place of employment. She was riding in the front seat with him, the rear doors were locked, and an "off duty" sign was displayed on the cab.

The question presented is whether the owner of a licensed taxicab may operate it on the streets for his own personal and private use without having a taxicab operator's license and without displaying a current insurance sticker.

By Section 31(d) of the License Act of 1932, as amended,[1] the owner of a taxicab is required to obtain an annual license for such vehicle. Such license is for the vehicle and not for the use or business.[2]

---

[1] Code 1940, § 47—2331(d).

[2] Capital Transit Co. v. District of Columbia, 66 App.D.C. 351, 87 F.2d 748.

Section 31(e) provides that "no person shall engage in driving or operating" such licensed vehicle without having a license and badge issued upon evidence that the applicant is of good moral character and qualified to operate such vehicle. The license must be displayed within the cab and the badge worn by the driver "at all times while engaged in driving" the vehicle. This license, sometimes referred to as a "character license", is personal and not transferable.

It will be observed that in plain words the statute forbids anyone to drive a licensed taxicab without having obtained a taxicab driver's license, and requires that the license be displayed in the cab at all times while the driver is engaged in driving the vehicle. The statute in terms is absolute and does not limit its requirements to such times as the vehicle may be operated for hire or engaged in transacting business. Appellant, however, argues that the statute should be so construed as to limit its application to such times as the driver is holding out his taxicab for hire, and that since at the time of his arrest he was using the cab for his own personal use the statute had no application.

■ A taxicab is a common carrier[3] and use by it of the public streets is not a right but a privilege or license which can be granted on such conditions as the Legislature may impose.[4] The conditions and regulations imposed on such vehicles are primarily for the protection of the public, and the statute must be construed with that primary purpose in mind.

The taxicab itself is licensed and must bear identifying words or design so that a member of the public engaging such a vehicle may have assurance that it is a regularly licensed taxicab. He is entitled to the further assurance that the cab is being driven by a regularly licensed operator, who has secured his license on evidence not only of his qualification to operate the cab but also of his good moral character. Members of the public, including women and children, place themselves in the care and protection of such drivers. For their protection it is the duty of the police and hack inspectors to enforce the statutes and regulations relating to taxicabs.

■ Unless the statute and regulations apply to licensed taxicabs at all times, regardless of whether they are being held out for hire or being used for the owner's private use, it is obvious that such a vehicle could be used for deception of the public and for improper and unlawful purposes. In our opinion the clear intent of the statute, as is indicated by its plain wording, is that no licensed taxicab shall be driven on the public streets except by a duly licensed operator. We do not think the application of the statute must depend on the operator's momentary intent and purpose; for these are naturally subject to change at any time. Certainly there would be endless confusion in the supervision and enforcement of the statute and regulations if their force and effect were made dependent on the operator's intention to pick up passengers. Appellant contends that displaying an off-duty sign effectively demonstrated his intention, but such sign could have been removed a moment later. We cannot believe that Congress intended that an operator could ward off the effect of the statute by raising or lowering a sign in the same manner that one may avoid a shower by raising an umbrella.

We are strengthened in our conclusion by the License Law Amendment of June 20, 1942,[5] requiring the licensing of ambulances for hire and passenger vehicles hired for funeral purposes. The amendment requires the driver of such a vehicle to obtain a "character license" similar to that required of a taxicab driver, and provides that the license shall be carried upon the person of the driver or in the vehicle "while engaged in driving such vehicle *when such vehicle is being used for hire.*" (Italics supplied.) The omission of such a limitation with respect to drivers of taxicabs indicates that the requirement as to them is absolute and not dependent on the use of the vehicle for hire.

What we have said of the license applies with equal force to the insurance sticker. The Taxicab Insurance Act[6] requires a bond or policy of liability insurance for the protection of persons injured by operation of the taxicab. Under the authority of that act the Public Utilities Commission has by order required that no taxicab shall be operated without first having affixed to

[3] Morris v. District of Columbia, D.C., Mun.App., 31 A.2d 652.

[4] Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed. 596; Buck v Kuy-

dendall, 267 U.S. 307, 45 S.Ct. 324, 69 L.Ed. 623, 38 A.L.R. 286.

[5] Code 1940, § 47—2331 (i) and (j).

[6] Code 1940, § 44—301.

the lower right-hand side of the windshield an official weekly insurance sticker. The evident purpose of this regulation is that the cab shall display evidence of compliance with the insurance law. It furnishes assurance to the public of compliance with the law and aids the police and inspectors in enforcing the law.

■ The law requiring taxicab insurance is for the protection of pedestrians and others traveling the streets as well as for passengers in the taxicab. Since a taxicab using the streets for the personal use of the operator may cause as much injury to others as one using the streets in the transaction of business, we think the requirement of insurance is not limited to the times when the vehicle is being used or offered for hire. The wording of the Act makes no such limitation and we see no reason for our doing so.

The regulation pursuant to the Act requires the sticker, evidencing insurance, to be affixed whenever the vehicle is operated, making no distinction between operation for hire and operation for any other purpose. We think the meaning and intent of the law and regulation are that a licensed taxicab operating on the public streets shall carry insurance and a sticker evidencing such insurance at all times regardless of the purpose for which operated.

■ It is argued that the information relating to the insurance sticker specifically charged failure to display the sticker "while transacting business," and that in the absence of proof of that allegation there is a fatal variance. But, as we have said, the regulation requires the sticker at all times; and therefore this allegation was unnecessary and may be treated as surplusage.[7]

In the instant case our ruling may appear to be somewhat harsh; but one who seeks and obtains a license to operate his automobile as a taxicab cannot complain of the enforcement of laws and regulations governing the reasonable use of such licensed vehicle. An occasional individual hardship must give way to the greater requirement of public safety and protection.

Affirmed.

---

[7] Clifton v. United States, 54 App.D.C. 104, 295 F. 925; Van Dam v. United States, 6 Cir., 23 F.2d 235; Glover v. ■ United States, 5 Cir., 125 F.2d 291; Hall v. United States, 168 U.S. 632, 18 S.Ct. 237, 42 L.Ed. 607.