**BRANCH v. UNITED STATES.**

**No. 9450.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 22, 1948.

Decided Nov. 29, 1948.

Mr. Charles M. Branch, Jr., pro se.

Mr. William S. Tarver, of Washington, D. C., amicus curiae, appointed by this Court.

Mr. Robert E. Short, Assistant United States Attorney, of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, and Mr. John D. Lane, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Messrs. John P. Burke and Sidney S. Sachs, Assistant United States Attorneys, both of Washington, D. C., also entered appearance for appellee.

Before PRETTYMAN and GRONER, Circuit Judges, and BAILEY, District Judge, *sitting by designation.*

PRETTYMAN, Circuit Judge.

This is an appeal from a conviction in the District Court upon an indictment for housebreaking and petit larceny. Appellant presents a number of points, and we have examined the record in respect to each. We think only one is sufficiently substantial to merit discussion.

Appellant took the stand in defense and, in the course of his description of his whereabouts on the night in question, said, "I told my mother about the different accusations that were being placed about me". Upon cross-examination, the prosecutor recalled that statement to the witness's attention and asked, "How many times have you been charged?"." And later the prosecutor asked, "These officers charged you with entering people's apartments late at night, didn't they?".

The question is whether the accused's reference, while on the stand, to "the different accusations that were being placed about me" made proper an inquiry by the prosecutor into the nature and extent of those accusations.

The established rules in this connection are that if the accused testifies in his own behalf in a criminal case, he sub-

jects himself to cross-examination to the same extent as any other witness.[1] He cannot be compelled to testify as to facts not relevant to direct examination,[2] but he can be required to supply the full details of matters within the scope of the direct examination but stated there only in part.[3]

The legal questions in the case at bar are whether the statement of the accused was sufficient to "open the door" to cross-examination upon the subject, and whether the question of the prosecutor about "entering people's apartments late at night" had a permissible purpose. As the case developed upon the trial, the chief defense was an alibi, and the prosecutor's summation-in-chief was devoted to that subject. Defense counsel presented to the jury, in addition to the alibi, a plea that the accusation against the defendant had been made because "the boy is a victim of persecution" by the police. He developed that contention by reference to the many charges made by the police against the defendant. In his rebuttal, the prosecutor commented briefly on the charge of persecution, but the court at once told the jury that "we are trying only this one charge."

We think it not unreasonable that the prosecutor should have anticipated the defense of persecution. The voluntary reference by the accused to other accusations might well have seemed to have some purpose. That being so, the prosecutor quite properly developed the subject to disclose its nature. We agree with the trial court that in doing so he was within permissible bounds. His right was to develop fully a material subject as to which the witness had testified partially.

The point in this case is not to be confused with the testing of the credibility of a witness. That subject is not involved here.

Affirmed.

[1] Raffel v. United States, 1926, 271 U. S. 494, 46 S.Ct. 566, 70 L.Ed. 1054; Reagan v. United States, 1895, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709; Tomlinson v. United States, 1937, 68 App.D. C. 106, 93 F.2d 652, 114 A.L.R. 1315, certiorari denied, 1938, 303 U.S. 646, 58 S.Ct. 645, 82 L.Ed. 1107.

[2] Fitzpatrick v. United States, 1900, 178 U.S. 304, 20 S.Ct. 944, 44 L.Ed. 1078; Salerno v. United States, 8 Cir., 1932, 61 F.2d 419; Tucker v. United States, 8 Cir., 1925, 5 F.2d 818.

[3] Banning v. United States, 6 Cir., 1942, 130 F.2d 330, 338, certiorari denied, 1943, 317 U.S. 695, 63 S.Ct. 434, 87 L.Ed. 556; State v. Wentworth, 1875, 65 Me. 234, 243, 20 Am.Rep. 688 (quoted in 8 Wigmore, Evidence § 2276, p. 445 (3d ed. 1940) ). "Cross-examination, then, i. e. further examination by the opponent, has for its first utility the extraction of the remaining qualifying circumstances, if any, known to the witness, but hitherto undisclosed by him." 5 Wigmore, Evidence § 1368, p. 34 (3d ed. 1940). See also 3 Wharton, Criminal Evidence § 1327 (11th ed. 1935); Underhill, Criminal Evidence § 138 (4th ed. 1935). A general discussion of the nature of permissible cross-examination is in Lindsey v. United States, 1942, 77 U.S.App.D.C. 1, 133 F.2d 368, and cases there discussed.