**LYNCH v. SWOPE.**

No. 12063.

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1949.

Joseph P. Lynch, in pro. per.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment dismissing appellant's application for a writ of habeas corpus. Appellant had filed a prior application for the writ which was dismissed and the dismissal affirmed. Lynch v. Johnston, 9 Cir., 167 F.2d 1000.

■ Appellant contends that the instant petition is upon a ground not presented in the first and of which he, a layman there pleading in propria persona, was not then advised as to its legal import. We think the instant petition is not an abuse of the writ, Price v. Johnston, 334 U.S. 266, 291, 68 S.Ct. 1049, 1063, stating of a petitioner upon a third petition that "if for some justifiable reason he was previously * * unaware of the significance of relevant facts, it is neither necessary nor reasonable to deny him all opportunity of obtaining judicial relief."

Appellant's first petition charged that he had not had the effective assistance of counsel; that there had been a coerced confession and that he was denied subpoenas for his witnesses. Our decision on his first appeal held against him on these issues.

His present petition alleges that he was charged with murder in the first degree; a plea of guilty to second degree murder was accepted by the prosecution and the court. That thereafter, in determining the sentence, the court called upon the prosecution for evidence, which evidence was produced. It then appeared that the prosecution had a weaker case than appellant had expected when he pled guilty and appellant's counsel moved to withdraw the accepted plea. The court took no action on the motion but imposed a sentence of twenty years.

Appellant contends this failure to allow him to withdraw his plea was an abuse of discretion, amounting to a denial of the due process of the Fifth Amendment.

■ Here, as we have held, appellant had competent counsel to advise him of his rights. He urged his claimed right and the court failed to grant it. To hold that the failure to grant the motion is a denial of due process would open to collateral attack every judgment in which mere error is charged.

■ Appellant had his remedy by appeal from the judgment of conviction. United States v. Fox, 3 Cir., 130 F.2d 56, 59, certiorari denied, 317 U.S. 666, 63 S. Ct. 74, 87 L.Ed. 535; Jackson v. United States, 8 Cir., 131 F.2d 606, 608; Tomlinson v. United States, 68 App.D.C. 106, 93 F.2d 652, 654, 114 A.L.R. 1315, certiorari denied 303 U.S. 646, 58 S.Ct. 645, 82 L.Ed. 1102; Ward v. United States, 6 Cir., 116 F.2d 135, 136. Having failed to take an appeal in the case in which he was convicted, habeas corpus cannot be used as a substitute therefor. Riddle v. Dyche, 262 U.S. 333, 335, 43 S.Ct. 555, 67 L.Ed. 1009.

The judgment is affirmed.