**JENKINS v. BLACK & WHITE CAB CO.**
**(THORNE, Defendant and Third-Party Plaintiff, et al.).**
**Civ. A. No. 1341-53.**

United States District Court
District of Columbia.

Nov. 4, 1953.

.. 

surance Company moved to vacate the order, claiming that it was improperly made a third-party defendant, and that is the question presently at issue.

Rule 14(a) of F.R.C.P., 28 U.S.C.A., provides that a third-party complaint may be served upon a person "who is or may be liable to him for all or part of the plaintiff's claim against him." The third-party complaint would therefore appear clearly to come within the rule, and several authorities support third-party proceedings of the character here involved. Jordan v. Stephens, D.C. W.D.Mo.1945, 7 F.R.D. 140. Pucheu v. National Surety Corp., D.C.W.D.La.1949, 87 F.Supp. 558. A. B. & C. Motor Transp. Co. v. Moger, D.C.E.D.N.Y.1950, 10 F.R.D. 613. Further, to allow the third-party complaint to remain would appear to be consonant with the purpose of third-party practice to avoid the time and cost of two actions, unless the combining of the two would be prejudicial. The prejudice principally relied on by the Insurance Company in this case is the fact that the jury would be informed that the defendant carried liability insurance, evidence of which generally would be ground for a mistrial; but here the law and regulations[1] thereunder require the operators of taxicabs to carry liability insurance and to display insurance "stickers" at all times for the protection of pedestrians as well as passengers. Under these circumstances, it is difficult to see how the injection of insurance into the case would be prejudicial, for the requirements of the law are presumed to be known, and in addition, in this case they are common knowledge.

Motion of third-party defendant will be denied. Counsel will submit order accordingly.

William J. Walsh, Washington, D. C., for defendant and third-party plaintiff, John Elmer Thorne.

Collins, Anderson & Saunders, Carlton L. Saunders, Washington, D. C., for third-party defendant.

PINE, District Judge.

This is an action for damages growing out of personal injuries. Defendants are a taxicab company and the driver of the taxicab involved. The driver, by order of court, was granted leave to make the Amalgamated Casualty Insurance Company a third-party defendant on the ground that it has a contractual obligation to indemnify defendant and to defend him, and that the Insurance Company has refused to recognize its liability thereunder. Thereafter the In-

---

1. D.C.Code 1951, Title 44, § 301; Stewart v. District of Columbia, D.C.Mun.App., 35 A.2d 247.