Earl COLEMAN, Appellant,

v.

UNITED STATES, Appellee.

No. 10365.

District of Columbia Court of Appeals.

Argued Sept. 15, 1977.

Decided Oct. 31, 1977.

William J. Genego, appointed by this court, with whom Stuart H. Gitlitz, Washington, D. C., appointed by this court, was on the brief, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, Lawrence H. Wechsler and Steven D. Gordon, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee which was submitted without oral argument.

Before NEWMAN, Chief Judge, and GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant appeals from his conviction on three counts of first-degree premeditated murder (D.C.Code 1973, § 22–2401), three counts of first-degree felony murder (D.C. Code 1973, § 22–2401), attempt to commit robbery while armed (D.C.Code 1973, §§ 22–2902, –3202), first-degree burglary while armed (D.C.Code 1973, §§ 22–1801(a), –3202), carrying a pistol without a license (D.C.Code 1973, § 22–3204) and carrying a dangerous weapon (a shotgun) (D.C.Code 1973, § 22–3204). We find his assignments of error to be without merit and therefore affirm.

On the evening of October 24, 1974, a man and two women were murdered. The evidence introduced against appellant at his trial indicated that the man had been appellant's partner in a narcotics distribution operation and that appellant killed him and the two women after a falling out over a debt which appellant claimed the man owed him. Appellant presented as his defense the alibi that at the time the three murders were committed, he was home in bed. Several witnesses testified in support of appellant's alibi.

The first claim raised on appeal is that the trial court erred in ruling that appellant could not assert his Fifth Amendment privilege against self-incrimination as a bar to certain questions asked by the government on cross-examination. It is

well settled that a defendant who takes the stand on his own behalf may not utilize his Fifth Amendment privilege in order to bar cross-examination reasonably related to the scope of direct examination. *Branch v. United States*, 84 U.S.App.D.C. 165, 171 F.2d 337 (1948); 8 Wigmore, Evidence § 2276(2) (McNaughton rev. 1961). Furthermore, the extent of cross-examination in any particular case is a matter within the discretion of the trial court and this discretion is extremely broad when the defendant asserts an alibi defense. *United States v. Higginbotham*, 539 F.2d 17 (9th Cir. 1976).

In this case, defendant testified extensively on direct examination as to the narcotics operation in which he and his associates were involved. On cross-examination, the prosecutor suggested to appellant that the apartment where he met his associates on the night in question was the base of their narcotics operation. When appellant denied that this was the only base, the prosecutor asked him, "[w]here else did you have?" Appellant asserted his privilege against self-incrimination, and the trial judge ruled that he had waived his Fifth Amendment privilege with respect to the prosecutor's question by his direct testimony. The witness, however, stood firm, did not answer the question, and later, in the absence of the jury, was found in contempt of court. Consequently, we are not faced with a question of the erroneous admission of testimony.

■ Even if we assume that appellant ought to have been able to interpose his Fifth Amendment privilege, as he did, the conclusion is inescapable that the court's ruling and the lack of a subsequent cautionary instruction were harmless beyond a reasonable doubt under the standard enunciated in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Appellant had testified to his narcotics activities on direct examination, so the question posed no prejudice in that regard. Further, overwhelming evidence of his guilt was amassed at trial.

■ Appellant's next claim concerns a government exhibit, a photograph of the defendant with a .45 caliber pistol in his waistband which was taken five months before the alleged murders. The photograph was admitted, over defense objection, after a friend had identified it as a photograph she had taken of appellant and further identified the pistol shown in it as being the weapon she had thrown in the river the morning following the murders. Appellant argues that the photograph was not probative of any issue in the case and was therefore irrelevant. He bases this assertion on two factors, the remoteness in time of the photograph to the murders and the witness' failure to explain how she knew this was a picture of the gun she had thrown in the river. Appellant further argues that even if the photograph had some relevancy, it was prejudicial error to admit it in evidence because its prejudicial impact on the jury outweighed its probative value. We cannot agree.

■ A trial court has broad discretion in determining the admissibility of photographic evidence and its ruling should not be disturbed in the absence of an abuse of discretion. *Pittman v. United States,* D.C. App., 375 A.2d 16 (1977). We find that in this case the trial court did not abuse its discretion. The photograph showed that prior to the murders, appellant possessed a .45 caliber pistol, the type of gun used in this case. An accused person's prior possession of the physical means of committing the crime is some evidence of the probability of his guilt, and is therefore admissible. *Morton v. United States,* 87 U.S.App.D.C. 135, 183 F.2d 844 (1950). Although the age of the photograph reduced its probative value, it did not render it irrelevant. Finally, the picture was not so inflammatory that the judge abused his broad discretion in admitting it. *Pittman v. United States, supra* at 19; *United States v. Ravich,* 421 F.2d 1196, 1204 (2d Cir.), *cert. denied,* 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970).

■ Appellant's final claim is that court appointed counsel was ineffective. In order to prevail on a claim of ineffective assistance of counsel, defendant must show

that his counsel was so ineffective that he was deprived of a substantial defense. *Johnson v. United States,* D.C.App., 364 A.2d 1198 (1976); *Hampton v. United States,* D.C.App., 340 A.2d 813 (1975); *Angarano v. United States,* D.C.App., 312 A.2d 295 (1973), *rehearing en banc denied,* 329 A.2d 453 (1974). We have reviewed the record and find that only two of the instances which appellant cites as examples of ineffectiveness require comment. The first concerns defense counsel's summation to the jury. Appellant describes the summation as "mechanical" and "perfunctory" because of its brevity and lack of content. He places special emphasis on the fact that defense counsel never once mentioned the alibi testimony of the defense witnesses. We find that counsel's summation did not rise to the level of ineffectiveness required by our decisions. In his summation counsel emphasized a number of factors which tended to undermine the credibility of the government's witnesses. He also raised questions concerning the incompetency of the police investigation. In light of the fact that the alibi witnesses had seriously contradicted each other, we cannot discount the possibility that defense counsel's failure to discuss the alibi defense was strategically motivated.

Our second comment concerns the assertion that defense counsel did not adequately prepare his witnesses. As we have indicated, the defense witnesses seriously contradicted each other. Although defense counsel should thoroughly investigate the circumstances of the case and assist witnesses in preparing for trial, *see* American Bar Association Project on Standards for Criminal Justice, *The Defense Function,* § 4.1 (Approved Draft 1971), his role is not to tell the witnesses what they saw or knew about the relevant events. On the record before us we cannot say that the discrepancies in the witnesses' testimony resulted from inadequate preparation by defense counsel. Lastly, we note that appellant did not raise his claim of ineffectiveness by an appropriate motion to the trial court. We pointed out the importance of following that procedure in *Angarano v. United States, supra,* 329 A.2d 453.

The judgment below is

*Affirmed.*