# George W. Cover, Plff. in Err., *v.* Commonwealth of Pennsylvania.

Upon the trial of one indicted for a crime, testimony is admissible on behalf of the commonwealth to show that the accused, after the commission of the crime charged against him, attempted to manufacture testimony in his own defense or to destroy testimony tending to prove his guilt.

Especially is it admissible to prove an attempt by the defendant to corrupt or intimidate the commonwealth's witnesses.

An indictment held sufficient to charge perjury.

(Argued January 31, 1887.   Decided February 14, 1887.)

January Term, 1886, No. 364, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Quarter Sessions of Fayette County to review a judgment against the defendant on an indictment for perjury. Affirmed.

George W. Cover was prosecuted for perjury May 2, 1885. The information made by F. T. Browning set forth "that one George W. Cover, on or about the 18th day of December, A. D. 1884, in the trial of a case then being tried before His Honor, JAMES INGHRAM, President Judge of the court of common pleas of Fayette county, to wit, the case of John Cover v. Frank T. Browning and G. M. Serpell, did commit wilful and corrupt perjury by then and there swearing falsely that he, the said George W. Cover, had sold 'the one half of it,' meaning the one half of a certain portable saw-mill, and did then and there commit wilful and corrupt perjury by swearing falsely as fol-

NOTE.—Evidence of the misconduct of a party in tampering with jurors or witnesses is admissible to show that he is unwilling to rely on the truth of his cause, or is conscious that it is an unjust one.   McHugh v. McHugh, 186 Pa. 197, 41 L. R. A. 805, 42 W. N. C. 307, 65 Am. St. Rep. 849, 40 Atl. 410.   So, if there is a suppression of evidence, it may be considered by the jury.   Wills v. Hardcastle, 19 Pa. Super. Ct. 525; Ginder v. Bachman, 8 Pa. Super. Ct. 405; Rice v. Com. 102 Pa. 408.   If the jury finds the testimony to be false or manufactured, this fact should weigh against the defendant.   Com. v. McMahon, 145 Pa. 413, 22 Atl. 971.

As to admissibility in criminal cases of evidence of other offenses, see the full presentation of authorities in editorial note to People v. Molineux, 62 L. R. A. 231.

lows: 'Well, I got the money from George Torrence and gave it back to Frank Browning in his store the next day.' "

The bill of indictment contained but one count, in the following words: "That George W. Cover, late of the said county, yeoman, on the 18th day of December, A. D. 1884, at the county aforesaid, and within the jurisdiction of this court, with force and arms, etc., did unlawfully, wilfully, corruptly, and falsely swear before His Honor, Judge INGHRAM, at a court of common pleas of the said county of Fayette, then and there being held before the said James INGHRAM, judge of said court of common pleas of said county, in a certain issue in due form of law joined between one John Cover, plaintiff, and Frank T. Browning and G. M. Serpell, defendants, upon an action of assumpsit, for the collection of a certain sum of money; and the said cause having then and there come on to be tried and was there and then being tried by a certain jury of the county in due manner returned and impaneled and sworn for that purpose, and that upon the trial of said issue, said George W. Cover was produced and appeared as a witness for and on behalf of said John Cover and against the said defendants, and swore as a witness upon the trial of the issue aforesaid; and the said oath then and there being duly administered to the said George W. Cover according to law, before the said James INGHRAM, judge as aforesaid, he, the said James INGHRAM, judge of said court of common pleas aforesaid, then and there having competent authority to administer the same, and it being then and there material for the said court and jury, trying said cause as aforesaid, to know whether or not said George W. Cover sold one half of a certain portable saw-mill to one Frank T. Browning and whether or not the said George W. Cover got a certain sum of money, to wit, $1,800, from one George Torrence, and whether or not he, the said George W. Cover, gave and paid to the said Frank T. Browning the said sum of $1,800, in said Browning's store, the next day after he, the said George W. Cover, had received the said money from said George Torrence as aforesaid; that he, the said George W. Cover, had sold to said Frank T. Browning 'the one half of it,' meaning the one half of a certain portable saw-mill, and did then and there further, unlawfully, wilfully, corruptly, and falsely swear as follows: 'Well, I got the money from George Torrence and gave it back to Frank Browning in his store the next day;' 'I did pay the money back to him (meaning Brown-

ing) in Browning's store;' meaning thereby that he, the said George W. Cover, had gotten the sum of money, *viz.,* $1,800, from one George Torrence and that he paid the same over to the said Frank T. Browning on the next day following at said Browning's store.

"Whereas, in truth and in fact, he, the said George W. Cover, had not sold to said Frank T. Browning the one half of said portable saw mill, and whereas, in truth and in fact, the said George W. Cover did not get the money, to wit, the sum of $1,-800, or any other sum, from said George Torrence, and pay the same over to the said Frank T. Browning, the next day or at any time, in the said Browning's store."

At the trial before INGHRAM, P. J., the defendant pleaded not guilty.

Besides introducing evidence in support of the indictment, the commonwealth proved, under objection, that the defendant (after the prosecution was begun and before the trial) had ap-proached the witnesses subpœnaed for the commonwealth, and by means of threats and promises, and in one instance by begin-ning a prosecution for bigamy or adultery, had tried to deter them from testifying.

The jury found the defendant guilty, and he was sentenced accordingly.

The assignments of error specified the admission of the testi-mony concerning the attempts to influence witnesses, and speci-fied besides the refusal of the defendant's points, *viz.:*

"5. The indictment does not sufficiently set forth the charge of perjury, and it is therefore bad and the defendant must be acquitted."

"7. Considering the high and serious offense charged against the defendant, the evidence in this case does not warrant a con-viction; therefore, the verdict of the jury should be not guilty."

*Coffroth & Ruppel* and *Guiler, Minor, & Core,* for plaintiff in error.—It is a general rule that a distinct crime, unconnected with that laid in the indictment, cannot be given in evidence. It is not proper to raise a presumption of guilt, on the ground that, having committed one crime, the depravity it exhibits makes it likely defendant would commit another.

The most guilty criminal may be innocent of other offenses charged against him, of which, if fairly tried, he might acquit

himself. From the nature and prejudicial character of such evidence it is obvious it should not be received, unless the mind plainly perceives that the commission of the one tends, by a visible connection, to prove the commission of the other by the prisoner. Shaffner v. Com. 72 Pa. 65, 13 Am. Rep. 649.

Evidence of the defendant's participation in another, or an attempt on his part to commit another, distinct crime cannot be received for the purpose of proving his commission of the offense for which he is on trial. Wharton, Crim. Ev. § 30; Coleman v. People, 55 N. Y. 90; State v. Renton, 15 N. H. 174; Com. v. Campbell, 7 Allen, 542, 83 Am. Dec. 705; Goersen v. Com. 99 Pa. 388; Donovan v. State, 64 Md. 365, 1 Atl. 754; United States v. Mitchell, 2 Dall. 357, 1 L. ed. 414; Smith v. Com. 100 Pa. 324.

Perjury is defined by Lord COKE to be a crime committed when a lawful oath is administered in some judicial proceeding, to a person who swears wilfully, absolutely, and falsely in a matter material to the issue or point in question. 3 Just. 164; 4 Bl. Com. 137.

The falsehood must be material to the matter in question; for it has been held that if it be of no importance, although false, it will not be perjury, as it does not concern the issue then trying, and therefore would have no effect in respect to it. 2 Chitty, 305; 4 Bl. Com. 137; King v. Dowlin, 5 T. Rep. 318; Com. v. Kuntz, 2 Clark (Pa.) 375.

The materiality of the testimony, or the parts of it alleged to be false, in a trial of this kind, is a matter of law, which ought to be decided by the court, and not left to the jury. Steinman v. McWilliams, 6 Pa. 177.

The indictment contains two distinct charges of perjury in one count. It is impossible to sustain a conviction founded upon such an instrument. Perdue v. Com. 96 Pa. 319.

*M. M. Cochran* and *A. D. Boyd,* for the commonwealth.—It is always admissible to show the conduct of the accused as to any efforts or attempts he has made, after the commission of the crime charged against him, to manufacture testimony in his own defense, or to destroy testimony tending to prove his guilt. 1 Starkie, Ev. 437; Wharton, Crim. Ev. §§ 741–749.

Especially is it admissible to prove an attempt by a defendant

to corrupt the plaintiff's witnesses. Heslop v. Heslop, 82 Pa. 541.

Attempts by a defendant to prevent a witness from attending court are admissible, as facts from which inferences of guilt may be legitimately drawn. State v. Barron, 37 Vt. 57; Wharton, Crim. Ev. § 749.

Setting up a false defense is evidence of guilt. Com. v. Twitchell, 1 Brewst. (Pa.) 608.

The fabrication of false and contradictory accounts by an accused criminal for the sake of diverting inquiry or casting off suspicion is a circumstance always indicatory of guilt. Cathcart v. Com. 37 Pa. 113.

It is sufficiently material if the matter testified to by the prisoner tends to increase or diminish the damages, or induce the jury or judge to give readier credit to the substantial part of the evidence. But the degree of materiality is of no importance. 3 Greenl. Ev. 3, § 195; 2 Russell, Crimes, 600.

But the false swearing to matter which, however ultimately valueless and ineffective, has yet some prima facie though illusory weight is perjury. 2 Wharton, Crim. Law, 7th ed. §§ 2230, 2232a.

Perjury may be assigned on testimony not legally admissible. Matters which may not seem material upon a naked statement of an issue may become material upon the trial; as, where they tend to give greater credit to the substantial part of the case, or have a plain tendency to corroborate the same. Com. v. Kuntz, 2 Clark (Pa.) 375.

The materiality of the testimony alleged to be false is a question of law for the court. Steinman v. McWilliams, 6 Pa. 177.

It is sufficient in an indictment for perjury to aver that the oath was taken before the court. It is not necessary to name the officer actually administering the oath, as the act of the officer is the act of the court. 2 Wharton, Crim. Law, 8th ed. §§ 1257, 1287, 1315; Criminal Procedure, Act of March 31, 1860, § 21, Purdon's Digest 478.

In Respublica v. Newell, 3 Yeates, 407, 2 Am. Dec. 381, the defendant is charged with committing perjury at a court of common pleas held at Chambersburg, etc., before James RIDDLE, Esq., and his associates, judges of said court. The oath is then alleged to have been taken before the said court, they

having sufficient and competent power and authority to administer an oath, etc. The indictment there was held to be good, and there is no substantial difference between it and the indictment in this case, on the point of administering the oath.

All the several particulars in which the prisoner swore falsely may be embraced in one count; and proof of the falsity of any one will sustain the count. 2 Wharton, Crim. Law, 8th ed. § 1301.

The questions which elicited the false answers need not be set out in the bill; but the answers, being parts of what the defendant swore to, may be made the subject of several assignments of perjury and be lumped together in one count, and the proof of one of them will sustain the count. 2 Wharton, Crim. Law, §§ 1299, 1316; Wharton, Crim. Ev. § 131; Williams v. Com. 91 Pa. 501.

The case of Perdue v. Com. 96 Pa. 319, has no bearing upon this case or upon the question of duplicity at all. There not even one assignment of perjury was properly set forth. There the bill went down for other and many defects.

One witness is sufficient to prove that the defendant swore to the facts charged in the indictment, while the direct evidence of one witness, corroborated by any material circumstances in the case, is sufficient to prove any other point in a trial for perjury. 2 Wharton, Crim. Law, § 1308; Wharton, Crim. Ev. § 387; Williams v. Com. 91 Pa. 501.

PER CURIAM:

The crime of perjury is sufficiently charged in the indictment. The evidence of which complaint is made was not to prove distinct offenses committed on a former trial for another crime or offense, but of certain acts committed by the defendant below, intended to thwart and prevent a conviction of the particular crime charged in this indictment. It was clearly admissible.

Judgment affirmed.