**MORTON v. UNITED STATES.**

No. 10506.

United States Court of Appeals
District of Columbia Circuit.

Argued May 25, 1950.

Decided June 19, 1950.

Mr. Robert I. Miller, Washington, D. C., for appellant.

Mr. Martin J. McNamara, Jr., Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, Joseph M. Howard, and John D. Lane, Assistant United States Attorneys, all of Washington, D. C., were on the brief, for appellee.

Before CLARK, WILBUR K. MILLER and PROCTOR, Circuit Judges.

CLARK, Circuit Judge.

The defendant, Alice Morton, was found guilty and convicted of murder in the second degree. The testimony of one government witness clearly establishes that when she came to the home of the victim, David Stephens, she had a gun in her possession. After showing the gun to the aforesaid witness and asking to see Stephens, the testimony further demonstrates that Stephens, who had gone in to see her, asked her to leave, that she stepped out, and that as he was attempting to shut the French door

which separated his apartment from the hall, two shots were fired through the glass and shade on the door, and one of these caused the death. Defendant's story is that Stephens started to beat her up, that he pulled a gun, that there was an ensuing struggle for its possession, in which she was shoved through the door, but she does not remember whether the gun went off or not. The government was unable to produce the murder weapon at trial; but they were able to show that the defendant, shortly after her arrest, in answer to a question about what she had done with the gun, said that she had thrown it away. It was also shown that she had in her purse four .38 calibre shells. In addition the government was permitted to show by two witnesses, over defendant's objections, that two weeks prior to the shooting a gun had been seen lying on her bed.

It is the question of the admissibility of this latter evidence in regard to her prior possession of a gun which now constitutes the sole ground for appeal.

Appellant claims that the admission of this evidence constitutes error for two reasons. First she claims that the possession of a gun is a crime in the District of Columbia and that evidence of a crime with which the defendant is not charged should not be presented to a jury. The short answer to this contention, however, is that the D. C. Code, 1940, sec. 22—3204 (Supp. 1949), clearly establishes that possession of a firearm in one's home is not a crime.

Secondly, appellant asserts, but does not argue, that the evidence is inadmissible because no connection is shown between the weapon seen on her bed and the murder weapon. But it is the opinion of this court that she cannot prevail on this ground either. A good statement of the applicable rule is found in Wigmore[1] where he says: "As indicating the likelihood of a person doing * * * an act in question * * * his possession of the appropriate means or tools, are usually of sufficient probative value to be admissible."

Thus, he concludes: "As a general principle, then, the existence * * * of the physical * * * *means* to do an act is admissible as some evidence of the possibility or probability of the person's doing * * * it."

And again:[2] "The previous possession * * * of special means, tools, apparatus, and the like, may be of probative value to show the doing * * * of an act requiring such means."

Certainly a gun is peculiarly adaptable to the crime of shooting a person. And thus appellant's prior possession of the physical means of committing this murder is admissible as some evidence of the possibility or probability of her having done it.

There is no error.

Affirmed.

1. 1 Wigmore, Evidence § 83 (3rd Ed. 1940).

2. Id., at § 88.