Michael **LEONARD**, Appellant,

v.

**UNITED STATES, Appellee.**

No. 5187.

District of Columbia Court of Appeals.

Argued April 20, 1970.

Decided May 28, 1970.

M. Michael Cramer, Washington, D. C., with whom H. Thomas Sisk, Laurence Levitan, Paul H. Weinstein, Washington, D. C., and Henry J. Monahan, Rockville, Md., were on the brief, for appellant.

Warren R. King, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, and John O'B. Clarke, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

PER CURIAM:

Appellant, a part-time work-release inmate at the District of Columbia Jail, was charged with and convicted of possession of heroin found in his shoe during a routine inspection conducted on his return to jail in the evening. He was partially disrobed for the inspection and was carrying his shoes with his socks stuffed inside. The contraband was discovered in a capsule wrapped in a tissue when a stocking was removed from one shoe. Appellant claimed in defense that he had never seen the capsule or the tissue and, inferably, that someone else had placed them in one of his shoes when he momentarily left them by his locker. In rebuttal to this defense, the prosecution established that a similar but empty capsule was recovered from the top shelf of appellant's locker the next morning. It had been earlier established on cross-examination that appellant had locked the locker that evening and that it had not been broken open.

 The claimed error is the admission of the rebuttal evidence. While that evidence no doubt carried implications of other criminal activity in narcotics, it cannot be said that it was error to admit it since it had a bearing on the credibility of appellant's claimed innocence through mistake or lack of knowledge that the capsule containing heroin was in his shoe. Clearly, evidence of another criminal act may be admitted to negate mistake or lack of knowledge. United States v. Gay, 133 U.S.App.D.C. 337, 410 F.2d 1036 (1969); Drew v. United States, 118 U.S.App.D.C. 11, 15–16, 331 F.2d 85, 89–90 (1964); Martin v. United States, 75 U.S.App.D.C. 399, 402, 127 F.2d 865, 868 (1942) (concurring opinion). So also may evidence falling short of proving criminal conduct be admitted even though that evidence has some tendency to suggest culpability by showing criminal disposition. Morton v. United States, 87 U.S.App.D.C. 135, 183 F.2d 844 (1950). While the suggestion of criminal disposition is present in both kinds of evidence, that alone does not trigger inadmissibility. Here that suggestion, flowing from the presence of the empty gelatin capsule in appellant's locker, tended in some degree to negate the defense of ignorant possession. Accordingly, the trial judge did not err in permitting the jury to give the evidence such weight as they felt it deserved on appellant's claim that someone else "planted" the heroin in his shoe. The likelihood of improper prejudice from the rebuttal testimony did not outweigh the substantial legitimate purpose of negating the claim of innocent, mistaken possession. Drew v. United States, *supra*.

Affirmed.