454 A.2d 122

**COMMONWEALTH of Pennsylvania**

**v.**

**Richard Allan WRIGHT, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1981.

Filed Dec. 23, 1982.

Petition for Allowance of Appeal Denied June 3, 1983.

264

Stanton D. Levenson, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Allegheny County on February 17, 1981. The appellant, Richard Allan Wright,

was found guilty by a jury of Theft by Deception [1] and Forgery.[2] Post-verdict motions were heard and denied and the appellant was sentenced to five (5) years probation. The only issue raised on appeal is that the trial court erred in allowing the admission of improper rebuttal evidence prejudicial to the appellant. We find no merit in the appellant's contention and consequently affirm the judgment of sentence.

The facts giving rise to this case occurred on May 18–19, 1979. On the night of May 18 or the early morning of May 19, a savings account passbook belonging to one Martin Lawrence was stolen from the trunk of his automobile. Mr. Lawrence reported the theft at approximately 8:45 A.M. on May 19. At approximately 9:45 A.M. of that day, the stolen passbook and a forged withdrawal slip in the amount of Five Thousand ($5,000.00) Dollars were presented at the drive-in window of the Shadyside Branch of Equibank to teller, Patricia Hamilton, by the driver of a late model dark car. In the car were the driver, a male passenger in the front and a female passenger in the back. The driver of the car was within four (4) feet of Miss Hamilton and the entire transaction took approximately ten (10) minutes. At trial, Miss Hamilton identified the appellant as the person who presented the passbook. She testified that she specifically recalled the transaction because of the large amount of money involved and because of the large denominations requested by the party.[3]

The appellant testified that he and his wife left their home in Forest Hills at 9:30 A.M. on May 19 and drove to the office of Ridge Homes in Corapolis, at 10:00 A.M., or

1. 18 Pa.C.S.A. § 3922(a)(1).

2. 18 Pa.C.S.A. § 4101(a)(2).

3. In addition to the passbook and withdrawal slip there was a note requesting specific denominations of bills presented to the teller. The figures in the note were added incorrectly actually totalling Six Thousand ($6,000.00) Dollars. When the teller alerted the driver of the mistake, he turned and faced her affording the teller an additional opportunity to examine the driver's features.

shortly thereafter. The Wrights had an 11:00 A.M. appointment with a sales representative of Ridge Homes to examine blueprints of a house they were purchasing. They remained at the office until around 12:00 P.M., when they returned home. This testimony was corroborated by the appellant's wife and by Donald Burkley, an employee of Ridge Homes, who was present at the office when the Wrights arrived. On cross-examination, the appellant testified that he owned a black Buick and also that, "Nobody ever have [sic] driven my car."

The controversial testimony herein is that of Robert M. Smith, assistant manager of the South Hills Village branch of Equibank. Mr. Smith testified in the prosecution's case-in-chief that at approximately 3:45 P.M. on May 19, the stolen passbook and another forged withdrawal slip were presented to a teller at the South Hills Village Equibank. By this time, bank officers had been alerted that the particular bankbook was stolen. Mr. Smith refused payment and kept the bankbook. He then let the person who presented the passbook out of the bank.[4] The prosecution also wished to present Mr. Smith's testimony that after he permitted the third party to leave the bank, he followed the party to the parking lot and observed him entering the passenger side of a late model black Buick sedan. Smith copied down the license number of the vehicle and it was subsequently discovered to be registered to the appellant. The trial court ruled in an *in camera* pre-trial hearing that Mr. Smith could not testify regarding the license plate and the description of the vehicle. The rationale was that the evidence was not relevant and it would be highly prejudicial since there was no identification of any person in the vehicle.

However, later in the trial, the lower court reversed its earlier ruling and allowed the previously excluded testimo-

4. In the afternoon attempted theft, the person who presented the passbook and forged withdrawal slip was not the appellant, but a third party. Mr. Smith testified that the third party had been present in the courtroom during the trial, albeit not at the time Mr. Smith testified. The Commonwealth has not instituted any criminal proceeding with regard to the afternoon incident.

ny in order to rebut the appellant's statement that no one had ever driven his car.

The appellant contends that the trial court's original ruling was correct and that the court erred in admitting the testimony in rebuttal because: (1) it was irrelevant and highly prejudicial; (2) the appellant did not testify regarding any of the events of the afternoon of May 19 on direct examination; (3) the district attorney may not cross examine a defendant on a collateral matter not testified to on direct examination in order to establish a ground for the admission of otherwise inadmissible evidence; and (4) the evidence did not rebut the appellant's testimony since the appellant made inconsistent statements regarding the use of his vehicle on the day in question.

The Commonwealth counters with the argument that the appellant opened the door to attacks on his credibility by taking the stand. Since the appellant testified that no one else had ever driven his vehicle, and that the passbook had never been in his vehicle, the trial court allowed the rebuttal testimony solely to impeach the defendant's assertions.[5]

In order to succeed in this appeal, the appellant must show that the trial court abused its discretion in admitting the evidence. *Commonwealth v. Krajci,* 283 Pa.Super. 488, 424 A.2d 914 (1981). We do not believe that the appellant has met this standard.

Extrinsic evidence is improperly admitted in rebuttal if it is relevant only to a collateral matter. Thus our focus is whether the issue upon which this testimony was admitted was material or collateral. In determining what is and what is not a collateral matter, it was stated in *Commonwealth v. Kline,* 163 Pa.Super. 408, 62 A.2d 73, 74, 75 (1148)

5. In its charge to the jury the trial court stated with regard to the contested evidence, "Members of the jury, that is not substantive evidence. It has nothing to do with these charges against Mr. Wright. The Commonwealth offered that evidence merely as to impeach the credibility or believability of the defendant, Mr. Wright. I hope I have made that clear to you. It has nothing to do with this case other than that was offered to determine or to impeach or test the credibility of the testimony of Mr. Wright himself."

(quoting *Commonwealth v. Petrillo*, 341 Pa. 209, 223, 19 A.2d 288, 295 (1941):

No witness can be contradicted on everything he testifies to in order to "test his credibility." The pivotal issues in a trial cannot be "sidetracked" for the determination of whether or not a witness lied in making a statement about something *which has no relationship to the case on trial.* The purpose of trials is not to determine the ratings of witnesses for general veracity. A witness can be contradicted only on matters germane to the issue trying. There is no rule more firmly established than this: "No contradiction shall be allowed on collateral matters." (citations omitted)

"The test of materiality of a fact brought out on cross-examination is whether the party cross-examining would be entitled to prove it as part of his own case." Henry, Trial Evidence, 3d Ed. § 470. (emphasis in original) See also *Herr v. Erb,* 163 Pa.Super. 430, 435, 62 A.2d 75, 77 (1948); *McGoldrick v. Pennsylvania Railroad Company,* 430 Pa. 597, 241 A.2d 90, 92–93 (1968) (contradicting evidence is collateral if it may not be admitted into evidence for any purpose independent of the contradiction).

██ In the present case, the testimony of Mr. Smith was introduced to rebut the assertions of the appellant brought out on cross-examination that nobody had ever driven his car, that he had never been in possession of the stolen passbook, and that the stolen passbook had never been in his automobile. The question is whether the prosecution would be able to establish the contradictory facts as part of their own case; *i.e.,* whether they were admissible for any purpose independent of the contradiction.

We conclude that the contested evidence was properly admitted by the trial court inasmuch as it tended to establish the identity of the appellant as the perpetrator of the charged offense. Alternatively, because of the similar features of the morning and afternoon incidents, it demon-

strates that the appellant engaged in a pattern of criminal activity.

■ Evidence of other criminal acts is generally inadmissible. However, several exceptions have been consistently recognized by the courts of this jurisdiction. They include those cases where the evidence is introduced to prove: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the other; or (5) the identity of the person charged with the commission of the crime on trial. *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973); *Commonwealth v. Booth*, 291 Pa.Super. 278, 435 A.2d 1220 (1981). In addition, the probative value of the evidence of other crimes must exceed its prejudicial impact. *Commonwealth v. Ulatoski*, 472 Pa. 53, 371 A.2d 186 (1977); *Commonwealth v. Hude*, 156 Pa.Super. 439, 390 A.2d 183 (1978). The contested evidence herein falls within both the "identity" and "common scheme or plan" exceptions and moreover, is of sufficient probative value to overcome any prejudicial impact it might have. The evidence is therefore relevant for a purpose independent of the contradiction and was properly admitted by the trial court.

Four factors influence our decision. First, the identification of the appellant by the drive-in teller as the presentor of the passbook and her testimony that he drove a late model dark car on the morning of the theft. Second, the appellant's assertion that nobody else had ever driven his vehicle, that he had never been in possession of the stolen passbook and that the stolen passbook had never been in his vehicle. Third, the role of the black Buick in the afternoon attempted theft. Fourth, the use of the stolen passbook in both the morning and afternoon incidents. Clearly, the interrelation of these factors tends to support an inference that appellant was the perpetrator of the morning offense. Furthermore, the similarity between the morning and the

afternoon incidents is sufficiently close to find them part of a common scheme or plan.

We find that the evidence was also properly admitted on rebuttal. The evidence casts doubt on the credibility and veracity of the appellant's testimony and brings before the jury a valid issue of credibility which is material to the resolution of the apparent conflict between the identification testimony of the drive-in-teller and the alibi testimony of the appellant.

■ In regard to the appellant's contention that rebuttal testimony was improper because it contradicted matters raised on cross-examination which were not addressed in the direct examination, we find no merit in that argument. Appellant's counsel failed to object to the prosecution's cross-examination of the appellant and therefore they have waived this issue. *Commonwealth v. Klick*, 272 Pa.Super. 61, 414 A.2d 669 (1979).

Finally, the appellant contends that the contested evidence did not rebut the appellant's testimony since the appellant made inconsistent statements regarding the use of his vehicle on the day in question.[6] We find that the admission of the contested evidence was properly within the discretion of the trial court given the appellant's assertions of exclusive control over the vehicle.

Judgment of sentence affirmed.

**6.** The testimony of the appellant upon which the lower court relied stated:

Q. Now, sir, you do own a black Buick? Is that right?
A. Yes.
Q. And sir, did not own that Buick on May 19th?
A. I can't remember.
Q. That's the car you were operating that entire day; is that right?
A. That is correct.
Q. Did you ever let anyone else operate that vehicle?
A. Never. Nobody ever have driven my car.
Q. Nobody has ever driven your car?
A. No.
Q. That particular car was in your possession the entire day?
A. Not the entire day.