496 A.2d 837

**COMMONWEALTH of Pennsylvania**

v.

**Juanita HATTEN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1985.

Filed Aug. 2, 1985.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, for Commonwealth, appellee.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

The sole issue on appeal is whether double jeopardy bars appellant's retrial on charges of simple assault and defiant trespass after a mistrial was declared *sua sponte* at her first trial. We find that retrial is barred and, therefore, reverse the order below and discharge appellant.

On August 5, 1980, a non-jury trial of appellant and her co-defendant, Stan Fields, began in the Municipal Court of Philadelphia. During cross-examination of the complaining witness, the assistant district attorney requested that the witness's address not be disclosed. (N.T. August 5, 1980 at 14–15). Despite this request, appellant's counsel questioned the witness about his address. The assistant district attorney objected, and the court called a sidebar conference which was not recorded. (*Id.* at 29–30). Following that conference, the co-defendant's counsel requested a mistrial because the assistant district attorney had informed the judge during the conference that the co-defendant had threatened the complaining witness. (*Id.* at 30). Appellant's counsel stated that he did not join the motion for a mistrial and that he wished the trial to proceed. (*Id.*) The assistant district attorney noted appellant's position and informed the court that she wanted to sever the two cases and proceed with appellant's trial. (*Id.* at 31). Instead, the court granted co-defendant's motion for a mistrial and, *sua sponte*, declared a mistrial as to appellant, "so that both cases can run together;" appellant objected. (*Id.* at 32–33).

On September 5, 1980, appellant filed a motion in Municipal Court to dismiss the charges as barred by double jeopardy. That motion was denied on December 20, 1980. On appeal to the Court of Common Pleas of Philadelphia

County, the Municipal Court's decision was upheld on March 31, 1981. This appeal followed.

 Pennsylvania Rule of Criminal Procedure 1118(b) provides as follows:

> When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. *Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity.*

(Emphasis added). Where a mistrial is declared *sua sponte,* the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions bar retrial unless manifest necessity is shown. *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977). The principles underlying the manifest necessity standard were first set forth by Justice Story in *United States v. Perez,* 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165 (1824):

> We think, that in all case of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, Courts should be extremely careful how they interfere with any of the chances of life, in favour of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office.

*Id.* at 580. The Supreme Court stated more recently that:

> A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a

verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial. If an error would make reversal on appeal a certainty, it would not serve "the ends of public justice" to require that the Government proceed with its proof when, if it succeeded before the jury, it would automatically be stripped of that success by an appellate court. *Illinois v. Somerville*, 410 U.S. 458, 464, 93 S.Ct. 1066, 1070, 35 L.Ed.2d 425 (1973). Furthermore, before a trial court can properly declare a mistrial *sua sponte*, it must consider whether a less drastic alternative would allow the trial to continue. Failure to consider alternatives before declaring a mistrial is grounds for barring retrial. *Commonwealth ex rel. Walton v. Aytch*, 466 Pa. 172, 182, 352 A.2d 4, 8, *cert. denied*, 429 U.S. 867, 97 S.Ct. 178, 50 L.Ed.2d 147 (1976); *Commonwealth v. Bradley*, 311 Pa.Superior Ct. 330, 338, 457 A.2d 911, 915 (1983).

 In the instant case, we believe that the assistant district attorney's disclosure to the trial court was not prejudicial to appellant* and would not have required reversal on appeal had appellant been convicted. Thus, rather than declaring a mistrial as to both defendants, the trial court should have severed the two trials as suggested by appellant and the Commonwealth. The Court's desire to have two related cases tried together cannot, by itself, amount to manifest necessity for declaring a mistrial *sua sponte*. We therefore find that the trial court's failure to consider the less drastic option of severance requires that retrial of appellant on these charges be barred by double jeopardy.

We distinguish this case from *Commonwealth v. Wilson*, 257 Pa.Superior Ct. 329, 390 A.2d 847 (1978). In that case, the trial court declared a mistrial over the objection of one

---

* We note that the disclosure of the co-defendant's threats toward the complaining witness may not have been grounds for a mistrial of *either* defendant. Evidence that a defendant had threatened or tried to influence witnesses is admissible. *Commonwealth v. Goldblum*, 498 Pa. 455, 473, 447 A.2d 234, 243 (1982); *Commonwealth v. Klick*, 272 Pa.Superior Ct. 61, 66, 414 A.2d 669, 671 (1979).

defendant and on the motion of his co-defendant after testimony prejudicial to both had been admitted. This Court held that the circumstances of that case created manifest necessity to declare a mistrial *sua sponte* for the nonmoving defendant, because if a mistrial had not been declared, and the defendant was convicted, he could have then sought a new trial based on the admission of prejudicial testimony. Here, however, the prejudicial matter concerned only the co-defendant and not appellant. Therefore, appellant would not have been able to secure a new trial on the basis of the assistant district attorney's remark had she been convicted.

Reversed. Appellant shall be discharged.