## Commonwealth v. Kotz

382

*John B. Dunn, district attorney,* for the commonwealth.

*Daniel P. Lyons,* for defendant.

O'BRIEN, *J.,* October 2, 1987—On July 9, 1987, defendant David Kotz was brought to trial on charges of burglary and related offenses. Following opening arguments, the district attorney advised the court and defense counsel that the only witness the commonwealth had who could place defendant at the scene of the crime had indicated he might invoke his fifth amendment rights when called to testify. After the court excused the jury, the district attorney called the witness who did in fact assert his privilege against self incrimination and refused to testify. The court permitted the witness an opportunity to consult with counsel and following this consultation he again refused to testify. The district attorney then stated that the commonwealth was unable to proceed with its case without the witness and requested an indefinite continuance. The court denied the requested continuance but granted a mistrial on motion of the commonwealth over defendant's objection. The jury was discharged. Defendant has filed a motion seeking, inter alia, a judgment of acquittal which following briefs and argument is now before the court for disposition.

Pa.R.C.P. 1118 (mistrial) provides as follows:

"(a) Motions to withdraw a juror are abolished.

"(b) When an' event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity."

Since defendant did not move for the mistrial in this case, the double jeopardy clauses of the United States and Pennsylvania Constitutions bar retrial unless "manifest necessity" for the mistrial can be established. *Commonwealth v. Hatten,* 344 Pa. Super. 362, 496 A.2d 837 (1985). This "manifest necessity" test or standard must be grounded upon a consideration of the importance to the defendant to be tried by the tribunal first impaneled. *Commonwealth v. Dull,* 257 Pa. Super. 192, 390 A.2d 777 (1978). In inquiring into whether a sua sponte declaration of a mistrial was manifestly necessary, the pivotal question is whether the trial court properly exercised its discretion in finding manifest necessity. *Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976). Any doubt, however, regarding the propriety of the exercise of discretion and thus about the necessity for the mistrial must be resolved in favor of the accused. Id.

In the case at bar, a mistrial was granted by the court upon the prosecution's request, because the commonwealth could not put forth sufficient evidence to make its case against defendant. The reason the commonwealth found itself in this dilemma was because its key witness refused to testify on grounds that his testimony might tend to incriminate him. We note that the absence of witnesses does not automatically justify discontinuing a trial. *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949). Each case must turn on its own facts. Id. Thus the issue is whether failure of a commonwealth's essential witness to testify on grounds that such testimony may incriminate him, constitutes manifest necessity for a mistrial.

In *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), the prosecution asked for a mistrial because of the absence of a key

witness. The court discharged the jury and granted the mistrial over defendant's objection. Two days later when the case was again called and a second jury impaneled, the defendant pleaded double jeopardy. The Supreme Court found that manifest necessity did not exist. Quoting *Cornero v. United States,* 48 F.2d 69 (9th Cir. 1931), the court stated:

"The situation presented is simply one where the district attorney entered upon the trial of the case without sufficient evidence to convict. This does not take the case out of the rule with reference to former jeopardy. There is no difference in principle between a discovery by the district attorney immediately after the jury was impaneled that his evidence was insufficient and a discovery after he had called some or all of his witnesses."

In *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), defendant was charged with willfully assisting in the preparation of fraudulent income tax returns. After the government's initial witness, an IRS agent, had testified, the government proceeded to call the first of five witnesses, taxpayers who had availed themselves of defendant's services, to the stand. After the first taxpayer was called but before any direct examination, the trial judge asked if he was informed of his right against self-incrimination. Although the witness answered in the affirmative, the judge would not allow any of these witnesses to testify until they had consulted counsel. The jury was discharged and the trial aborted. The Supreme Court found that manifest necessity did not exist and defendant could not be retried.

The commonwealth made clear that it could not prove its case without the reluctant witness. Since the reluctant witness is presently serving a term of incarceration in a state penitentiary for his own con-

viction, the commonwealth has no reason to believe that he might change his mind and testify in the near future. In any event, we note that manifest necessity does not exist for the granting of a mistrial when the purpose is to afford the prosecution another more favorable opportunity to convict the accused. *Gori v. United States*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961). Since the commonwealth has not presented any authority to this court substantiating its entitlement to a mistrial in these circumstances and in view of the holding of our Supreme Court in *Commonwealth v. Bartolomucci*, supra, that "all doubt must be resolved in favor of an accused," we must grant defendant's motion.

## ORDER

And now, this October 2, 1987, the motion of defendant David Kotz for judgment of acquittal is granted.