Ronald G. LEE, Appellant,

v.

UNITED STATES, Appellee.

No. 82–1190.

District of Columbia Court of Appeals.

Argued Oct. 25, 1983.

Decided Jan. 9, 1984.

Mark S. Carlin, Public Defender Service, Washington, D.C., with whom A. Franklin Burgess, Jr., Public Defender Service at the time the brief was filed, Washington, D.C., was on the brief for appellant. Holly Skolnick, Washington, D.C., also entered an appearance for appellant.

Bruce A. Peterson, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty. at the time the brief was filed, and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before KERN, MACK and PRYOR, Associate Judges.

PER CURIAM:

A jury convicted appellant of committing rape while armed, D.C.Code §§ 22–2801, –3202 (1981). Complainant testified that during the early morning hours she accepted from appellant (whom she did not know) a ride in his auto. He then drove her to a wooded area of the city, and made sexual advances to her. She ran but he caught up with her and dragged her to a park bench. He then raped her at knife point. Afterwards, when appellant drove her home she noted his license number, phoned a friend in obvious emotional distress, and upon the friend's advice called the police. Officers responding to her call traced the license number to appellant and went to his home where they found an automobile with the license tags the victim had noted and reported. A search of appellant's car, to which he consented, uncovered a knife and appellant was taken into custody. He admitted having sexual relations with the complainant but insisted that she had consented.

■ Only one of appellant's contentions on appeal requires extended discussion.[1] The trial court, over defense objection, admitted into evidence at trial the knife recovered by the police from appellant's car some 16 hours after he allegedly raped the victim at knife point.[2] Appellant's contention with respect to the court's admission of the knife into evidence during the trial is threefold (Reply Brief at 4, 5):

There was no connection between [his] knife and the weapon allegedly used during the assault, [and] the jury was allowed impermissibly to speculate that appellant's knife was the one used during alleged rape.

\* \* \* \* \* \*

[T]he admission of the knife allowed the jury to infer impermissibly appellant's propensity for carrying weapons.... [T]he jury learned from the admission of the knife that appellant committed other crimes—possession of a prohibited weap-

1. We are not persuaded by appellant's contention that the prosecutor's argument to the jury was such an improper appeal to the jury's sympathy and referred so extensively to matters outside the record as to constitute plain error. The argument of both counsel necessarily focused on the credibility of the victim of the alleged rape and each counsel argued the inferences he urged the jury to draw from the evidence presented; necessarily, therefore, both counsel had occasion to refer to the demeanor of the complainant on the witness stand and the possible motivations for her testimony. See *Tuckson v. United States,* 364 A.2d 138 (D.C.1976). The trial court carefully instructed the jury that counsel's arguments were just that—argument—and the jurors' determination of the facts must govern their verdict. There was no plain error under the circumstances.

Appellant contends that the trial court erred in denying his motion for a new trial based on the complaint by two of the jurors that they were coerced by other jurors into voting to find appellant guilty. The trial court privately interviewed each juror and then addressed this contention in a comprehensive order and memorandum opinion, pointing out that the jurors had unanimously voted in favor of a guilty verdict both in the jury room and in the courtroom and concluding that "there were no extraneous influences to have improperly influenced the verdict."

We deem the trial court's ruling denying a new trial to have been correct under the circumstances. *Sellars v. United States,* 401 A.2d 974 (D.C.1979).

2. The complainant telephoned the police to report the rape about four o'clock in the morning; the knife was recovered from appellant's car in the evening of that same day.

on and carrying a dangerous weapon—from which they could infer that he committed the rape with which he was accused.

In addition, appellant complains (Reply Brief at 6), that the trial court "committed independent error, but one which aggravated the error of admitting the knife, when it failed to instruct the jury ever about the limited purpose for which the knife was admitted."

The trial court admitted the knife at trial under the following circumstances. The complainant testified that appellant, after dragging her to a park bench in an area of Rock Creek Park (Tr. 118–19, 123), placed a knife against her neck and threatened to kill her. (Tr. 124.) She had not seen the knife before. (Tr. 124.) The complainant in her testimony described the knife as having a black handle and showed the jury with her hands the knife's approximate length. (Tr. 127.) She further testified (Tr. 265) that she had told the police the knife had a dark handle and had shown them how long the knife had been. She was not shown any knife by the police before the trial. (Tr. 268.) Nor was she shown the knife received into evidence at the trial.

One of the police officers in his testimony (Tr. 396) stated that the complainant had described the knife as having a dark handle, an overall length of ten to twelve inches, and a blade length of six to eight inches. The police officer who recovered the knife from appellant's car described the knife to the jury as having a black handle and four to five inches long—unopened. (Tr. 347.)

The principle of law applicable to the issue raised by appellant was stated by this court in *Burleson v. United States,* 306 A.2d 659, 661 (D.C.1973):

Real or visual evidence, like any other evidence, is admissible if it has some evidentiary value on some issue in the case, but it is not admissible if it is incapable of affording a reasonable inference as to a matter in dispute. *The evidence must have some connection with the defendant or the crime with which he is charged,* and should not be admitted if the connection is too remote or conjectural. [Emphasis added.]

We went on to say:

We are well aware that instruments of crime, such as guns, knives, etc., have been admitted where the identification was not positive, it being held that the lack of positive identification goes to the weight and not the admissibility of the evidence; *but before its admission some connection with the accused or the crime must be established.* [Emphasis added.]

▆▆▆ In *Burleson,* we concluded (at 662) that the gun introduced by the prosecution during trial there should *not* have been admitted "because its connection with appellant was too conjectural and remote." In the instant case, we are persuaded the knife's connection with appellant was *not* "too conjectural and remote" to preclude its admission as probative evidence.[3] First, the knife introduced into evidence was found in appellant's own car on the same day that the complainant said she was raped at knife point by appellant after he drove her in that car to Rock Creek Park. Secondly, shortly after the rape the complainant described to police the color of the knife's handle and the length of its blade; and, her description as to coloration at least turned out to match the handle of the knife introduced into evidence. While there was a difference between her estimate to the police of the length of the blade placed against her neck and the blade of the knife found in appellant's car and presented as evidence, the difference was a matter of only several inches.[4]

---

**3.** The absence of testimony by complainant that the knife admitted was the knife used to rape her, of course, goes to the weight of such evidence rather than its admissibility. *See Burleson, supra* at 661.

**4.** In *Burleson,* the weapon admitted into evidence, a .38 caliber pistol, was not found in the defendant's own auto and there was uncontradicted evidence that the pistol belonged to defendant's brother who had successfully ob-

■ As to appellant's contention that the introduction of the knife into evidence impermissibly showed appellant's propensity to commit crimes generally, *viz.,* by carrying a weapon in his auto, the prosecution presented the knife to prove the charge that appellant committed the crime of rape while armed. We have recognized that under the circumstances of the prosecutor's need to prove by certain evidence the offense charged, "[t]he fact that . . . use [of such evidence] results in the revelation of other criminal activity is merely incidental." *Smith v. United States,* 312 A.2d 781, 785 (D.C.1973). We are not persuaded that the trial judge abused his discretion when he balanced the probative value of the knife in proving armed rape against its prejudice to appellant in portraying him as a person who carried a knife in his car.

■ As to appellant's contention that there was reversible error because the trial court failed, sua sponte, to charge the jury that the knife was admitted for a "limited" purpose only, this court's decision in *Smith v. United States, supra,* 312 A.2d at 785, is dispositive. There, we concluded that when evidence of one crime is inextricably entwined with the evidence necessary to the proof that he committed the crime charged, then any limiting instruction is not required.

*Affirmed.*

tained its suppression as evidence against him on the ground of its seizure as the product of an unlawful search. The complainant testified that the defendant had threatened him with a .38 pistol but acknowledged that "all .38's looked alike."