**Mark A. KING, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 91–CF–1182.**

District of Columbia Court of Appeals.

Argued Dec. 11, 1992.

Decided Jan. 15, 1993.

---

Richard Greenlee, Public Defender Service, with whom James Klein, Public Defender Service, Washington, DC, was on the brief, for appellant.

James M. Silver, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Elizabeth Trosman, and Michael Lennon, Washington, DC, were on the brief, for appellee.

Before ROGERS, Chief Judge, FERREN and KING, Associate Judges.

KING, Associate Judge:

Appellant was charged with armed assault with intent to kill ("AAWIK"), in violation of D.C.Code §§ 22–501, –3202 (1989 Repl.), and carrying a pistol without a license ("CPWL"), in violation of D.C.Code § 22–3204(a) (1992 Supp.). The trial judge granted a motion for judgment of acquittal as to AAWIK and instructed the jury on the lesser-included offense of assault with a deadly weapon ("ADW"). The jury found appellant not guilty of that offense, but guilty of CPWL. On appeal, appellant contends that the trial court committed reversible error by admitting the pistol into evidence. We affirm.

On December 21, 1988, complainant was standing with a group of people near some apartment buildings, when someone informed him that he should leave the area since appellant had gone to get a pistol to use to shoot complainant. Complainant immediately left the area at a rapid pace, walked a short distance, then turned in an effort to locate appellant. As he turned, he heard a shot, and saw a flash from a pistol being pointed at him by appellant who was standing approximately 50 to 100 feet away. He observed that the weapon was a silver, snub-nosed revolver. Complainant was not hit with a bullet, and moments later he saw appellant turn around and join the crowd of people standing near the apartment buildings.

Appellant challenges the trial court's ruling, admitting a pistol that had been recovered from a friend's apartment, on the ground that the pistol was not adequately linked to him. See *Burleson v. United States*, 306 A.2d 659 (D.C.1973). "Relevant evidence is that which tends to make the existence or nonexistence of a fact more or less probable than would be the case without that evidence." *Punch v. United States*, 377 A.2d 1353, 1358 (D.C.1977) (citation omitted), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978). Additionally, the evidence sought to be introduced must have "some connection with the defendant or the crime with which he is charged, and should not be admitted if the connection is too remote or conjectural." *Ali v. United States*, 581 A.2d 368, 375 (D.C.1990) (quoting *Burleson v. United States, supra*, 306 A.2d at 661), *cert. denied*, —— U.S. ——, 112 S.Ct. 259, 116 L.Ed.2d 213 (1991).

■ Although the quoted language from *Burleson* appears to allow the evidence to be connected to either the defendant *or* the charged crime, we have always required that the evidence be connected to both. Indeed, a review of the cases following *Burleson* reveals that we have consistently addressed *both* the defendant's connection to the weapon and the weapon's connection to the crime. See *Ali v. United States, supra*, 581 A.2d at 374–75; *Swinson v.*

*United States,* 483 A.2d 1160, 1163–64 (D.C.1984); *Lee v. United States,* 471 A.2d 683, 685 (D.C.1984); *Adams v. United States,* 379 A.2d 961, 964 (D.C.1977); *Coleman v. United States,* 379 A.2d 710, 712 (D.C.1977). Thus, we view our authorities to require, as government counsel conceded at oral argument, that the weapon be linked to both the defendant and the crime in order to be admissible.

▪ Our own review of the evidence in this case leads us to conclude that the weapon did indeed have "some connection" with both the crime and appellant. With respect to the former, the complainant, who informed the court that he had read books on pistols and was familiar with them ("I know my guns"), described, in his testimony, the pistol appellant used against him. Later a pistol was shown to him by the prosecutor, and the complainant testified that the weapon produced in court looked just like the pistol appellant had used. The complainant observed that he noticed nothing different from the pistol in court and the pistol he had seen in appellant's possession on December 21, 1988. On these facts the trial court could, and did, find that the necessary connection between the gun introduced and the offense had been made.

▪ With respect to appellant's connection to the pistol, Ms. Perry, a friend of appellant's, testified that on January 3, 1989, appellant came to her home and asked her to keep a pistol for him, which she described as large and silver. She agreed, and appellant placed the weapon in her closet. Perry testified that this was the first time any weapon had ever been in the home and that there were no other silver-colored weapons in the closet that day. Several hours later, an unidentified female retrieved a pistol from the same apartment and gave it to Officer Joseph Green. Thirty to forty minutes after he received the pistol, and no more than three hours after appellant placed a pistol in Perry's closet, Officer Green encountered appellant and Perry in a parking lot near Perry's apartment. Appellant approached the van in which Officer Green was sitting and inquired: "Do you have my thing?" or "Do you have some property that belongs to me?" Green responded "Yes," and appellant then walked away at the insistence of Perry, who was with him. Finally, Officer Green identified the pistol presented in court as being the same one that had been retrieved from the Perry apartment. The weapon so identified was the same pistol shown to the complainant which, as he testified, looked just like the one he claimed was used by appellant on the day of the offense.

The only doubt raised at trial that the gun admitted was the same pistol left in the closet by appellant, was Perry's testimony that the pistol appellant put in the closet was larger than the one retrieved from the apartment and shown to her in court. But Perry acknowledged she knew so little about pistols that she could not distinguish between a revolver and an automatic. Moreover, it is not clear that she saw the pistol in appellant's possession at her home for more than the briefest period. Finally, the trial occurred more than two and a half years after Perry saw appellant's pistol at her apartment (January 1989 versus September 1991). Under these circumstances, any uncertainty that the pistol introduced into evidence was the same weapon left at Perry's home by appellant would go to the weight of the evidence rather than its admissibility. *Ali v. United States, supra,* 581 A.2d at 375. Accordingly, we conclude that the trial court did not err in finding that the necessary connection had been made between appellant and the gun recovered from Perry's apartment.

Since on these facts the trial court could permissibly find that the government established the necessary connection between the pistol offered and both the offense charged and appellant, we hold that the trial court did not err in admitting the pistol into evidence. *See Ali, supra,* 581 A.2d at 374–75 (photograph of shotgun properly admitted into evidence, where a witness testified that defendant killed decedent with a shotgun, and a witness testified that she saw defendant, two weeks before the murder, with a shotgun that looked like

the one shown in the photo); *Lee v. United States, supra,* 471 A.2d at 684–85 (trial court properly admitted knife allegedly used by defendant during rape, where knife was found in defendant's car 16 hours after the rape and complainant described the knife without having seen the knife before or during trial); *Adams v. United States, supra,* 379 A.2d at 964 (trial court properly admitted pistol, where police discovered the pistol after defendant's girlfriend revealed its location, and eyewitnesses identified the pistol at trial).

 Appellant also claims that the trial court did not weigh the probative value versus the prejudicial effect of the pistol before allowing it into evidence. That is simply not the case. The trial judge, along with counsel for appellant and counsel for the government, considered the admissibility of the pistol and the testimony surrounding the pistol to be governed by "other crimes" evidence principles of *Drew v. United States,* 118 U.S.App.D.C. 11, 331 F.2d 85 (1964). In order for evidence to be admitted under *Drew,* the trial court is required to find, *inter alia,* that the government has established, by clear and convincing evidence, that the other crime occurred and that the defendant is connected to that crime, *Daniels v. United States,* 613 A.2d 342, 346 (D.C.1992), and the probative value of the other crime outweighs any prejudicial impact, *Groves v. United States,* 564 A.2d 372, 374 (D.C.1989). The trial court found that the *Drew* requirements were met.

 Before turning to discussion of that finding, we note that the trial court analyzed the admissibility of the evidence under the wrong theory. Our cases have repeatedly held that admissibility of this kind of evidence is based upon a determination of whether it was directly relevant to some issue in the case. *See Ali, supra,* 581 A.2d at 368. We have never held, and do not do so now, that such evidence must meet the standards established by the *Drew* line of cases. *See Johnson v. United*

*States,* 596 A.2d 980, 986–87 (D.C.1991) (evidence that defendant possessed a gun days before the murder in question was not *Drew* other crimes evidence, but constituted evidence of the crime charged), *cert. denied, Bullock v. United States,* —— U.S. ——, 112 S.Ct. 1987, 118 L.Ed.2d 585 (1992); *Ali, supra,* 581 A.2d at 377 (photograph of defendant with sawed-off shotgun taken one month before charged offense in which similar weapon was used "constituted evidence of the crime charged" and therefore was not subject to *Drew* analysis); *Lee v. United States, supra,* 471 A.2d at 686 (introduction of knife into evidence in trial for rape where the victim testified that her assailant was armed with a knife was proper; because of the government's need to prove by certain evidence the offense charged, the "revelation of other criminal activity is merely incidental") (quoting *Smith v. United States,* 312 A.2d 781, 785 (D.C.1973). We further note that although the trial judge was not required to undertake the analysis required for "other crimes" evidence, in doing so, he did weigh the probative value of the evidence against its prejudicial effect. On at least three occasions the trial judge clearly stated that he understood that he must make a probative/prejudicial determination before he could admit the pistol. There can be no doubt on this record that the trial judge understood the discretionary alternatives facing him and that he concluded that they weighed in the favor of admissibility. *See generally Johnson v. United States,* 398 A.2d 354, 363–64 (D.C.1977). We find no basis for overturning that determination.

Accordingly, we affirm the judgment of conviction.